MORRIS, SUPT. OF INS., APPELLEE, *v.* INVESTMENT LIFE INS. CO. OF AMERICA ET AL., APPELLANTS.

[Cite as Morris v. Investment Life Ins. Co., 1 Ohio App. 2d 330.]

(No. 7905—Decided January 12, 1965.)

*Mr. William B. Saxbe,* attorney general, *Mr. Clifford H. Bernard, Mr. Nat Lefton* and *Mr. James D. Newcomer,* for appellee.

*Messrs. Topper & Alloway,* for appellant Joseph L. Osberger.

*Messrs. Baker, Hostetler & Patterson* and *Mr. Russell E. Leasure,* for appellant Ralph Tomlinson.

*Mr. Allan Hull,* for appellants William Cotleur, Bradley Hull and Harry Holzheimer.

DUFFEY, J. Appellee, William R. Morris as the Superintendent of Insurance of Ohio, has filed a motion to reduce the above appeal from one on law and fact to one on law only.

On March 31, 1964, appellee filed a petition in the Common Pleas Court asking for an order to rehabilitate or liquidate the Investment Life Insurance Company of America, an Ohio corporation, and for authority to take over the affairs of the company pursuant to Section 3903.06 *et seq.,* Revised Code. The service of the petition and an order to show cause was made on the company on April 4, 1964. A hearing was set for April 10, 1964. On April 8, 1964, an affidavit was filed, executed by seven persons, stating that they had authority from certain directors and shareholders of the company as listed on an attached schedule to agree to an entry finding sufficient cause existed for rehabilitation or liquidation of the company. See Section 3903.03 (K), Revised Code. No schedule was attached to the affidavit, although an apparent copy with the same filing date appears elsewhere in the record. Also, on April 8, 1964, an entry was filed finding that the ''company'' agrees that sufficient cause exists and directing the plaintiff superintendent to take possession and control of the company. See Section 3903.06, Revised Code.

On July 2, 1964, Joseph L. Osberger was made a party defendant, and the other appellants were made parties at later dates. Various other proceedings occurred. Involved in this appeal is the motion of the appellants on December 5, 1964, to vacate the order of April 8, 1964. The ground stated is that the order of April 8, 1964, was not based on any statutory ground —specifically that neither a majority of the directors nor of the shareholders had consented to the order of April 8, 1964, and no

other statutory ground for such an order has yet been found to exist. The motion was overruled, and appellants filed a notice of appeal on law and fact.

Appellee contends that this is not a "chancery" case and, therefore, is not appealable on questions of law and fact. That proposition of law was eradicated some 20 years ago by amendment to Article IV of the Constitution of Ohio. Law and fact appeals now are controlled by Section 2501.02, Revised Code. It specifically provides for such appeals where the primary relief involves the appointment, removal or control of receivers. An examination of the powers granted to the Superintendent of Insurance under Chapter 3903, Revised Code, makes it most apparent that he is a receiver. It is also apparent that a factual issue was presented by the appellants' motion and not merely a question of law. Appellee's position is, therefore, without merit.

However, after careful consideration of this appeal, it is our conclusion that the order appealed from is not a final order, and the appeal must be dismissed, *sua sponte*, in its entirety.

Proceedings in relation to the appointment or removal of receivers are special proceedings, and an order affecting a substantial right made in such a proceeding is a final order. See *Cincinnati, Sandusky & Cleveland Rd. Co. v. Sloan* (1876), 31 Ohio St. 1. An order which either appoints or removes a receiver does affect a substantial right and is appealable in Ohio. See *Sloan, supra,* and *Forest City Investment Co. v. Haas* (1924), 110 Ohio St. 188. Numerous cases are collected in 2 Ohio Jurisprudence 2d 660, Appellate Review, Section 75. The sustaining of a motion to vacate an appointment is equivalent to a removal and, therefore, appealable. On the other hand, an order refusing to remove or to vacate an appointment does not —as a general rule at least—affect any substantial right and is not a final order. The general rule that an order denying vacation of a receivership is not a final order is well established in Ohio. *Industrial Credit Co. v. Ken Ray Corp.* (1955), 71 Ohio Law Abs. 257; *Stiver v. Stiver* (1939), 63 Ohio App. 327; *Eaton Loan & Home Aid Co. v. Wespiser* (1935), 20 Ohio Law Abs. 690; *Koring v. Chicago Pneumatic Tool Co.* (1931), 10 Ohio Law Abs. 474; *Neighbors v. Thistle Down Co.* (1926), 26 Ohio App. 324, motion to certify overruled March 8, 1927. See, also,

*Rothman* v. *I. Seldin & Kneller* (1930), 37 Ohio App. 408. An extensive review of the question is contained in an annotation in 72 A. L. R. 2d 1075. The author there states, at page 1091:

"Under general appeal statutes limited to allowing appeals from final, as distinguished from interlocutory, decisions, and in the absence of additional statutory authority, it has been generally held that an order refusing to discharge, or vacate the appointment of, a receiver is ordinarily not subject to direct appeal."

It is true, as the quotation indicates, that several cases have held such an order is appealable under exceptional circumstances. We have found no authority in Ohio for such an "exceptional circumstances" qualification, although a remark in one case might be so interpreted. See *Cincinnati, Sandusky & Cleveland Rd. Co.* v. *Sloan* (1876), 31 Ohio St. 1, at 13 and 14. Assuming, but not deciding, that the qualification exists under Ohio law, we find no exceptional circumstances here.

It is true that on the record there appears to be a strong basis to believe that the order of April 8, 1964, was made without any showing of a ground required by Section 3903.03, Revised Code. It is also true that Section 3903.04, Revised Code, does not require service or notice to stockholders, as such, of the filing of the petition, the issuance of the show cause order, or of the hearing on that order. It is also true that at the time appellants intervened, the appeal time on the order of April 8, 1964, had expired. However, this does not leave appellants without an adequate means of protecting their interests.

A receivership is not an end in itself. It is simply a remedy or means of accomplishing a result. The fundamental purpose of this proceeding under Chapter 3903, Revised Code, is the rehabilitation or liquidation of the company. Under Section 3903.06, Revised Code, the initial order is simply a determination that "sufficient cause exists" to either rehabilitate or liquidate and, in effect, to justify the appointment of the superintendent as a receiver. Following this tentative conclusion, the superintendent must examine into the status of the corporation and determine what, in his opinion, is in the best interest of all. He must then submit his recommendation by motion or application to the court for its approval.

The first paragraph of Section 3903.09, Revised Code, provides:

334

"Upon the entry of a court order directing rehabilitation, the Superintendent of Insurance shall immediately proceed to conduct the business of the company affected and shall take such steps as are expedient toward removal of the causes and conditions which have made such proceedings necessary."

The second paragraph of Section 3903.09, Revised Code, explicitly requires that, if the superintendent finds rehabilitation should be attempted, he must submit a plan to the court. Notice of the hearing on the plan must be given.

Under the third paragraph, if it later appears that rehabilitation is not feasible, he "may apply to the court in the same proceeding for an order directing the liquidation * * *."

Further, under the last paragraph, "If at *any* time" it appears that the causes for the proceedings have been removed (and implicitly if it is found that no sufficient cause ever existed), he may apply for the termination of the proceeding and a hearing must be held.

On the other hand, if the superintendent finds that rehabilitation is not feasible, he must apply for an order directing liquidation and a hearing must be set and, in our opinion, notice given as provided in Section 3903.09, Revised Code.

The first paragraph of Section 3903.11, Revised Code, provides:

"Upon the entry of a court order directing liquidation, the Superintendent of Insurance shall immediately proceed to liquidate the property, business, and affairs of the company."

It is true that that section does not explicitly require an application, notice and hearing on the order to liquidate. However, that is implicit from the provisions of Section 3903.09, Revised Code, which are in *pari materia*. It is also implicit from the requirement of orderly procedure and, in any event, a necessary requirement of due process to protect those who have substantial interests.

Succinctly put, the statutes contemplate that the superintendent, upon appointment, is to examine the affairs of the company, and then recommend to the court either termination of the proceeding, a rehabilitation plan or liquidation. Notice and a hearing must be given on the recommendation. This hearing and determination is the essential nub and decisive action in the whole proceeding. It is, in effect, analogous to a

judgment in a foreclosure proceeding, and all subsequent proceedings are the execution and carrying out of that fundamental determination. Of course, there are provisions for reappraisal and modification of the determination as circumstances may warrant. In our opinion, the determination on that hearing is a final order affecting a substantial right and appealable. Accordingly, the appellants here have adequate protection in the form of the hearing on the recommendation. They may contest there the necessity for the continuance of the receivership or the feasibility and desirability of the specific recommendation. They may obtain a review of any adverse decision by appeal.

It should be noted that the superintendent has applied for authority to sell a major asset of the corporation, although he has not yet applied for and obtained authority to liquidate or rehabilitate this corporation. Incidental sales of minor assets such as may be required in the normal operations of the business are undoubtedly authorized in the interim between the appointment of the superintendent and the court approval of a plan of action. A sale which has substantially the effect of liquidation without a prior determination that liquidation should be undertaken would be improper.

Since the order appealed from is not a final order, this court has no jurisdiction, and the appeal will be dismissed.

*Appeal dismissed.*

Duffy, P. J., and Troop, J., concur.