## Florence v. Paquette
*[Cite as 8 AOA 498]*

*Case No. 90AP-496*
*Franklin County, (10th)*
*Decided December 27, 1990*

*Lawrence C. Gaba, for Appellee.*

*Naren Biswas, for Appellant.*

BRYANT, J.

Plaintiff-appellee, Paul Florence, obtained appointment of a receiver in aid of execution of a default judgment against defendant-appellant, Dana R. Paquette, d.b.a. Shades of Green, a sole proprietorship engaged in landscaping. Defendant appeals an order of the Franklin County Municipal Court denying his motion to set aside appointment of the receiver and to rescind and vacate the actions of the receiver in seizing his property.

The facts as noted herein are largely undisputed. Plaintiff obtained a default judgment against defendant for $2,762.99 in Franklin County Municipal Court on September 12, 1989. Defendant received notice of the entry of the default judgment. On September 20, 1989, without notice to defendant, plaintiff moved for appointment of a receiver in aid of execution of this judgment. The trial court granted plaintiff's motion in an ex parte proceeding on the same day, appointing Al Cooper as receiver and authorizing Cooper to take possession of defendant's motor vehicles on behalf of the court. The court did not provide defendant with notice of the appointment.

The receiver seized defendant's 1971 GMC truck within a few days of his appointment; he subsequently posted bond and executed the oath of receivership. On October 11, 1989, the receiver reported the seizure of the truck to the court and requested that the court order the public sale of the truck. The court granted the receiver's request in an ex parte proceeding on the same day but did not provide defendant with notice of the sale order. On November 6, 1989, the receiver reported that the truck was sold at public sale on November 1 for $2,050. The sale price was reported to be in excess of the appraised value of $1,750 but no appraisal was filed with the court. The report did not specify the means, if any, used to advertise the sale.

On November 7, 1989, defendant moved to vacate the appointment of the receiver and require the receiver to return his truck, and to vacate the judgment. A hearing was held on defendant's motions on December 4, 1989. At the hearing, defendant learned that his truck had already been sold. Defendant then filed an additional motion to set aside the sale and to make the purchaser of the truck a party to the proceeding. On April 2, 1990, the court denied all of defendant's motions.

Defendant appeals therefrom, assigning the following errors:

"1. The trial court erred in refusing to vacate the appointment of the receiver.

"2. The trial court erred in failing to rescind and vacate the receiver's actions in seizing and selling the defendant's property.

"3. The trial court erred in failing to vacate the default judgment and permit the filing of an answer."

Defendant's first assignment of error asserts that the trial court erred in refusing to vacate the appointment of the receiver. An order appointing or removing a receiver is a final order that affects a substantial right, *Forest City Inv. Co. v. Haas* (1924), 110 Ohio St. 188, 193, but an order overruling a motion to remove a receiver is not a final order. *Morris v. Investment Life Ins. Co.* (1965), 1 Ohio App. 2d 330, 332. Because the order appealed from is not a final order, we lack jurisdiction to review it. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St. 3d 86, 90. We therefore overrule defendant's first assignment of error.

Before addressing defendant's second assignment of error, we note that, notwithstanding our disposition of defendant's first assignment of error, defendant retains the ability to challenge by direct appeal the order appointing the receiver because, under *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, and *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, the time for such an appeal has not yet run. A litigant may not be deprived of the right to file an appeal pursuant to App. R. 4(A) without due process of law. *Atkinson, supra,* paragraph one of the syllabus. The opportunity to timely file such an appeal "is rendered meaningless when reasonable notice of an appeal able order is not given." *Moldovan, supra,* at 295. Thus, due process requires that reasonable notice of a final order be given to the parties. *Id.* at 296.

As the Supreme Court explained in *Atkinson,* reasonable notice of a final appeal able order requires (1) service by the clerk of courts pursuant to Civ. R. 5, of notice of entry of such order upon every party who is not in default for failure to appear, and (2) entry of the appropriate notation in the clerk's docket indicating that such service was made. *Atkinson, supra,* at 86. The provision of reasonable notice is determined by the clerk of court's docket notation indicating service of the notice of entry rather than by actual receipt of such notice. *Id.* The time for bringing an appeal begins to run when reasonable notice of a final appeal able order is given, whether or not the party bringing the appeal had actual knowledge of the order before such notice was given. See *Gaeta v. Cleveland* (1988), 39 Ohio St. 3d 338, 339 (*Cf.,* Brown, J., dissenting).

Defendant's failure to appear in the earlier proceeding which resulted in entry of a default judgment against him does not affect his right to reasonable notice of the order appointing the receiver. Appointment of a receiver is a special proceeding, *Morris, supra,* not an adjunct to the default judgment action; accordingly, defendant is entitled to notice of a final appeal able order made in the special proceeding unless he is in default for failure to appear therein. The record reveals that plaintiff sought appointment of the receiver in an ex parte proceeding and gave defendant no notice of such proceeding. Thus, defendant was not in default for failure to appear in the special proceeding.

Defendant was entitled to reasonable notice of the order appointing the receiver. The record contains no indication that the clerk of courts served notice of entry of such order upon the defendant. Accordingly, the court has not yet provided reasonable notice of the entry of the order to defendant, and defendant's time for appeal prescribed in R.C. 2505.04 has not yet begun to run.

Defendant's second assignment of error asserts that the trial court erred in refusing to rescind and vacate the receiver's seizure and sale of defendant's property. Defendant asserts that the taking of his property by court order without notice and a hearing denies him due process. Defendant further argues that the receiver improperly seized defendant's truck before posting bond or taking the oath of receivership. In addition, defendant argues that the receiver improperly conducted the sale of the truck in that the necessary appraisals were not made.

Although a judgment debtor has no due process right prior to a post-judgment seizure of his property, *Endicott-Johnson Corp. v. Encyclopedia Press* (1924), 266 U.S. 285, 288, he nevertheless has a due process right when such a seizure occurs, *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314; *Clay v. Edward J. Fisher, Jr., M.D., Inc.* (S.D. Ohio 1984), 584 F. Supp. 730, 732-

734. The process that is due the judgment debtor is determined by balancing three factors:

(1) the effect of the seizure on the parties; (2) the risk that the debtor will be deprived of his property erroneously and the likelihood that additional safeguards will reduce this risk; and (3) the burden to the government of requiring additional procedural safeguards. *Mathews v. Eldridge* (1976), 424 U.S. 319,334-335; see, also, *Clay, supra.*

Due process requires that judgment debtors receive timely and adequate notice of the seizure of their assets; this notice must inform them of the action being taken and the opportunity to present their objections. *Mullane, supra;* see, also, *Clay, supra,* at 733. The record reveals that defendant was given no such notice. While the seizure itself may have given defendant some notice of the action being taken, it plainly did not inform him of the opportunity to present his objections. As a result, the notice to defendant did not satisfy due process.

Due process also requires that judgment debtors have an opportunity for a prompt postseizure hearing. *Mathews, supra; Clay, supra.* The only postseizure hearing provided to defendant took place on December 4, 1989, nearly one month after he requested a hearing and over two months after his truck was seized. While we do not hold that a two-month delay in conducting a postseizure hearing necessarily deprives a judgment debtor of due process, we conclude that such a delay deprived this particular judgment debtor of due process because of the drastic effect that could result from erroneously depriving defendant of a truck used in earning his livelihood.

We are not persuaded by defendant's contention that defects in qualifying the receiver pursuant to R.C. 2735.03 or the conduct of the sale pursuant to R.C. 2329.13 and 2329.15 warrant vacation of the receiver's actions. The receiver's delay in taking his oath and posting bond was merely a technical defect that was cured by his subsequent performance of these acts without prejudice to defendant in the interim. Similarly, the court's confirmation of the sale cured any irregularities in the sale proceedings, *Mayer v. Wick* (1864), 15 Ohio St. 548, 552, so procedural defects in the conduct of the sale herein do not warrant vacation of the sale after confirmation.

While technical and procedural defects may not suffice, denial of due process is a sufficiently serious defect to warrant vacation of a judicial sale after confirmation. Compare *German Village Products v. Miller* (1972), 32 Ohio App. 2d 288, 290, with *Central Trust Co., N.A. v. Spencer* (1987), 41 Ohio App. 3d 237, 239. Neither the notice nor the postseizure hearing afforded to defendant satisfied due process. We therefore conclude that the trial court abused its discretion when it refused to vacate the sale for lack of due process. Accordingly, we sustain defendant's second assignment of error.

Defendant's third assignment of error asserts that the trial court erred in refusing to vacate the default judgment. Relief from judgment is available under Civ. R. 60(B) when the movant establishes (1) the existence of a meritorious defense, (2) timely filing of the motion, and (3) a ground for relief under Civ. R. 60(B). *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph two of the syllabus. We will not overturn a decision of the trial court under Civ. R. 60(B) absent an abuse of discretion. *Doddridge v. Fitzpatrick* (1978), 53 Ohio St. 2d 9, 12.

Defendant does not specify the ground for relief under Civ. R. 60(B) upon which he relies. However, he has not established that any ground for relief existed. Defendant had notice of the lawsuit and the judgment. Yet defendant failed to either defend the action or appeal the judgment within the prescribed time. We cannot conclude that such conduct in itself warrants relief for mistake, inadvertence, surprise or excusable neglect under Civ. R. 60(B)(1). See, *e.g., Associated Estates Corp. v. Fellows* (1983), 11 Ohio App. 3d 112, 116.

Additionally, even if plaintiff's complaint incorrectly alleged the amount due, this error does not rise to the level of fraud, misrepresentation, or other misconduct by an opposing party that warrants relief under Civ. R. 60(B)(3). See *Griffey v. Rajan* (1987), 33 Ohio St. 3d 75, 77; *Select Machine Tool Co. v. CMH, Inc.* (June 6, 1987), Franklin App. No. 86AP-1049, unreported (1987 Opinions 2128). Nor has defendant demonstrated any other reason justifying relief from the judgment under Civ. R. 60(B)(5). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St. 3d 64, 67. Because defendant failed to establish grounds for

relief under Civ. R. 60(B), the trial court did not abuse its discretion when, after a hearing, it denied defendant's motion for relief.

For the foregoing reasons, we sustain defendant's second assignment of error and remand this cause for further proceedings.

*Judgment reversed and cause remanded.*

YOUNG and LORIG, J.J., concur.

LORIG, J., of the Clark County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.