**MINE SAFETY APPLIANCES CO., Plaintiff, v BEST, ET,
Defendants.**

Court of Common Pleas, Tuscarawas County.

No. 28194.  Decided August 12th, 1947.

J. C. Mitchell, New Philadelphia, for plaintiff.

C. Vernon Lee, Prosecuting Attorney, for John McIntosh, Sheriff.

**NO APPEAL TAKEN**

**OPINION.**

By LAMNECK, J.

On June 9, 1947, the Mine Safety Appliances Company obtained a judgment against Otto L. Best, Vincent Tyka and Adoge Basiletti, a partnership doing business as the Hickory Coal Company, in the sum of $631.83 with interest from April 1, 1947.

On July 10, 1947, at the request of the judgment creditor an execution was issued to John McIntosh, Sheriff of Tuscarawas County, Ohio, and pursuant thereto the said Sheriff on July 15, 1947, levied on certain goods and chattels alleged to belong to said partnership.

On July 21, 1947, the Sheriff returned said execution to the Clerk with a return reading as follows: "Received this writ on the 10th day of July, 1947, at 9:46 o'clock A. M., and pursuant to its command I levied, on the 15th day of July, 1947, at 4:00 P. M. upon the goods and chattels of the said Otto L. Best, Vincent Tylka and Adoge Basiletti, d. b. a. Hickory Coal Company, particularly described as follows, to-wit: 1—Truck Scales, 1—Mine Scales, 20—Mine cars, 1—Morgan-Gardner 5 Ton Motor. And immediately upon making said levy I appointed Vincent Tylka and Adoge Basiletti as custodians of the above mentioned chattels. And this writ is returned without further proceedings wholly unsatisfied. John McIntosh, Sheriff, by Helen Gefeller, Deputy."

On July 31, 1947, the judgment creditor filed a motion in this court directed against the said John McIntosh, Sheriff of this county, to whom said execution had been directed, in which he moved the Court for an order of sale requiring the Sheriff to sell the property levied upon or that the Sheriff be amerced in the amount and value of his judgment with interest.

On July 21, 1947, in a suit instituted on July 15, 1947, and brought by two of the partners of the Hickory Coal Company against the third partner to terminate and dissolve the partnership, the Court appointed a temporary receiver for the aforesaid partnership who qualified as such receiver on July 26, 1947.

It is the contention of the Sheriff in his brief that since the Court in its order appointing a temporary receiver "ordered that all persons having property of any kind or interest therein, belonging to said partnership, deliver the same on demand to said receiver" abated the execution and that he could not proceed further without a subsequent order.

Sec. 12103 GC provides in part that "if an execution or order of sale directed to an officer comes to his hands to be executed, and he neglects or refuses to execute it. * * * shall be amerced," etc.

Sec. 12105 GC also provides in part that "if an officer fails to execute a * * * execution * * *, directed to him, or to return it, as required by law, unless he makes it appear, to the satisfaction of the court, that he was prevented by unavoidable accident from so doing, he shall be amerced," etc.

Although the Sheriff had no order from this Court to return the execution in his hands because of the pendency of the receivership proceedings, and although he made his return on the execution to the Court unsatisfied five days before the receiver qualified and hence could have had no legal demand made upon him by the receiver before the return was made, and while his action on the return was not authorized by specific provisions of law, the Court feels that this case is not the proper subject of an amercement proceeding. A sheriff is amerceable only in cases which came within the spirit as well as the letter of the law. (Moore v McClief, 16 Oh St 50.) While a sheriff is justified in executing a writ that is regular on its face and which may have been wrongfully issued, he may not be amerced for failure to complete an execution where no injury has resulted, if he has acted in good faith, and if he has made a return within sixty days as required by §11712 GC.

In the instant case the Sheriff as set forth in his brief explains that he was of the belief that the application to ap-

point a receiver abated the execution process in his hands. The status of an execution issued before the appointment of a receiver presents a question that has caused a wide divergence of opinion among the bench and bar all over the United States, and the Sheriff cannot be censored or held liable under a penal statute for failure to act on a legal situation on which there is no unanimity of opinion. It will therefore be held that the Sheriff is not subject to amercement for returning the execution issued to him unsatisfied.

It therefore remains for the Court to determine whether the judgment creditor is entitled to any relief under that portion of the prayer of his motion in which he asks the Court to issue to the Sheriff an order of sale requiring him to sell the property levied upon.

In order for the Court to properly dispose of this question it must be determined whether a sheriff may proceed upon an execution and levy made before the appointment of a receiver for property of the judgment debtor.

Under the decisions in Ohio the appointment of a receiver amounts to an equitable execution and his seizure of the property to an equitable levy to the extent that the sale of the property may be necessary to satisfy creditors. (Doyle v Yoho Co., 130 Oh St 400, 200 N. E. 125; Railway v Sloan, 31 Oh St 1.) His relation to the assets which he administers for the benefit of creditors is much like that of a sheriff or master in chancery, and he stands as a ministerial officer of the court not having title to the property, but obtaining his authority by the act of the court alone. (Chaney v Cycle Co., 64 Oh St 205, 60 N. E. 207; Machine Co. v Supply Co., 68 Oh St 585, 67 N. E. 1055; Bank v Buckingham, 12 Oh St 419.)

Under §11897 GC, it is provided that "Under the control of the court, the receiver may bring and defend actions in his own name, as receiver, take and keep possession of the property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes."

It has been held that where an execution is levied prior to the appointment of a receiver, such receiver having obtained possession of the property takes possession subject to the execution lien. (Meyer v Cino Auto Products Co., 23 O. L. R. 611.) Also, the appointment of a receiver for a corporation (or a partnership) after its property has been attached does not divest the attachment liens. (Clark on Receivers, Sec. 500, Page 577; Bushnell v Court, 161 Mass. 224, 36 N. E. 1065.)

In Rickman v Rickman, 180 Mich. 224, 146 N. W. 609, it was

held that an injunction should not be issued at the suit of a receiver to enjoin a creditor who has garnished funds of the receiver's corporation from proceeding with his suit. If a valid lien was obtained on the fund it was not dissolved by the filing of the bill and the appointment of a receiver, but may be enforced. In **Barrs v Barrs Co., 71 Oh Ap 465,** 50 N. E. (2d) 388, the court decreed that a creditor who before the receivership of his debtor secured a judgment against the latter, caused an execution to issue which was returned unsatisfied, and then sequestered the debtor's bank account by a proceeding in aid of execution before the appointment of the receiver, has a lien against such bank account after the appointment of a receiver for the debtor.

If the property listed in the Sheriff's return belongs to the partnership, there can be no question that the judgment creditor has a valid execution lien against such property as the sheriff made a valid levy upon said property before the appointment of the receiver.

It is the general rule that summary proceedings are not available to a receiver to take property out of the possession of adverse claimants.

A receiver merely stands in the place of and has no greater rights than the party over whose property he has been appointed receiver. If he desires to obtain possession of property in the hands of a stranger to the suit, claiming adversely, he must bring an action against the adverse claimant. This rule has been applied with respect to property in the hands of a sheriff and held by him under process of law for adverse claimants, or under an attachment. (45 Amer. Jur., Sec. 206, page 166; State v Court, 49 Nev. 143, 241 Pac. 317; State v Court, 5 Wash. 219, 35 Pac. 1087.)

In 53 C. J. 132, Sec. 160, a rule is stated to the effect that if a valid lien has been acquired before the appointment of a receiver and the attaching of the court's jurisdiction, the proceedings to enforce it are suspended, unless leave of court is obtained to go on. It has also been held that where a sheriff has levied on and taken into possession property of a corporation before it was dissolved and a receiver appointed, a sale by the sheriff thereafter is at most irregular and not void. (Moore v Potter, 155 N. Y. 461, 550 N. E. 271; Varnum v Hart, 119 N. Y. 101, 23 N. E. 183.)

In this particular case the Sheriff has not released nor has he been ordered to give up possession of the property levied upon. The property is still in his hands by virtue of a lawful

process partially executed.· Such property is as completely "in custodia legis" as though he had it in his office. If the execution in this case had been issued from a court other than the court which appointed the receiver, the appointing court would have no power to oust the other court out of its possession of the property. (Meyer v Cino Auto Products Co., 23 O. L. R., at page 613.)

It would therefore appear that the Sheriff should have proceeded with the execution in the manner provided by law to a full completion thereof, unless ordered by the Court from which the execution issued to do otherwise.

The Sheriff and the receiver are both ministerial officers of this Court and either may be authorized by the Court to proceed to sell the property in question in this case. If the Sheriff sells the property, he would proceed by virtue of levy already made to satisfy the claim of the judgment creditor. And ,if the property would bring more than the judgment creditor's claim, the Sheriff would pay the excess to the receiver. If the receiver is authorized to sell, he would be required to pay the judgment creditor out of the proceeds of the sale the amount of the judgment creditor's claim, and if an excess remains, the balance would be applied to the claims of other creditors of the partnership. If such balance would not all be required for such purpose, the partners would be entitled to the remainder upon dissolution of the partnership.

Since the sale of the property upon which the Sheriff has already made a levy must be sold separately from other property of the partnership, because of the creditor's lien upon it; the Court feels that nothing is to be gained by designating the receiver as the ministerial officer of the Court to make the sale in place of the Sheriff. In fact, the costs and expenses of the Sheriff in making a sale will probably be less than if the receiver made the sale.

It will therefore be ordered that upon the filing of a precipe for an alias execution by the judgment creditor, and the issuance of an alias execution by the Clerk, the Sheriff proceed under said execution, subject to the further order of the Court, to sell the property upon which he has already made a levy to the extent that may be necessary to satisfy the judgment creditor's claim, and if an excess remains, such excess be paid to the receiver to be distributed as ordered by the Court.