**Patricia CLAY, Plaintiff,**

v.

**EDWARD J. FISHER, JR., M.D., INC., et al., Defendants.**

No. C–1–83–447.

United States District Court, S.D. Ohio, W.D.

April 12, 1984.

Michael A. Kennedy, Clermont County Legal Aid Society, Batavia, Ohio, for plaintiff.

Philip J. Blomer, Cincinnati, Ohio, Thomas L. Blust, Batavia, Ohio, for defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter came on for consideration of plaintiff's motion for partial summary judgment (doc. 16), in which she seeks summary judgment in her favor for declaratory and injunctive relief pursuant to Rule 56, Fed.R.Civ.P., because the pleadings, admissions, answers to interrogatories, and affidavits in support of her motion indicate that there is no genuine issue of material fact, and that plaintiff is entitled to judgment as a matter of law. None of the defendants has responded to plaintiff's motion. Rule 4.0.2 of the Local Rules of the United States District Court for the Southern District of Ohio provides that failure to respond to a motion may be grounds for the granting of same. In addition, we have examined the pleadings and other materials filed in this case and conclude that there is

no dispute as to any material fact, and plaintiff is entitled to partial summary judgment as a matter of law.

■ The narrow question which we must decide on a motion for summary judgment is whether there is any genuine issue as to any of the material facts. Rule 56(c), Fed.R.Civ.P. The Court cannot try issues of fact on a Rule 56 motion but it may determine whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The facts are not in dispute in this case. Instead, the Court is presented with the legal question of the constitutionality of Ohio statutes governing execution upon personal property on their face and as implemented by defendants Russell Simmons, Clerk of the Clermont County Court and of the Common Pleas Court of Clermont County, Ohio, and John VanCamp, Sheriff of Clermont County, Ohio. We conclude that the Ohio statutory scheme and defendants' practices under the statutes fail to provide judgment debtors with notice of a right to claim exemptions or an opportunity for a hearing on any such claim, and are, therefore, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. We therefore conclude that plaintiff is entitled to partial summary judgment as a matter of law.

This is a class action for damages and declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983. Plaintiff challenges the defendants' actions and practices in seizing her automobile on execution of a county court judgment. In response to an unopposed motion for class certification, we conditionally certified the class to include all judgment debtors who own property subject to execution in Clermont County, Ohio (doc. 11).

The undisputed facts disclose that defendant, Dr. Edward J. Fisher, Jr., obtained a default judgment against plaintiff for $370.00 in the Clermont County Court, which judgment was not appealed. Pursuant to the judgment, Dr. Fisher's counsel requested defendant Simmons, Clerk of

both the County and Common Pleas Court of Clermont County, Ohio, by praecipe, to issue a writ of execution against plaintiff's automobile, a 1975 Plymouth Duster. The Clerk issued the writ on December 20, 1982, directing defendant VanCamp, Sheriff of Clermont County, to seize plaintiff's automobile. Employees of the Sheriff's Department seized the automobile on January 7, 1983. After seeking and obtaining counsel at the Legal Aid Office on January 14, 1983, plaintiff filed a claim of exemption and a motion to stay the sheriff's sale of the automobile. On January 26, 1983, the County Court ordered that the automobile be appraised to determine whether or not it was exempt from execution under Ohio Rev.Code § 2329.66, which provides that up to $1,000.00 of a debtor's interest in an automobile shall be exempt. On February 3, 1983, the automobile was appraised at $850.00. The County Court approved the appraisal and dismissed the execution on February 9, 1983. The plaintiff was permitted to take possession of her automobile on February 14, 1983, over a month after it had been seized by the Sheriff.

Plaintiff's affidavit in support of her motion for partial summary judgment disclosed that at the time her car was seized by the Sheriff, she was attending school on a CETA grant. Plaintiff was without her car for approximately five weeks during winter and she was forced to walk up to two miles to obtain groceries, to go to school, and to keep other appointments because no convenient public transportation was available to her. Plaintiff also missed some of her classes at school because she did not have her car.

Execution upon personal property in county courts is governed by Ohio Rev. Code Chapter 1917 while execution upon property in common pleas courts falls under Ohio Rev.Code Chapter 2329. Although the present case involves a common pleas court judgment, defendant Simmons who is Clerk of both the County Court and the Common Pleas Court of Clermont County, admitted that he uses identical procedures in executing upon personal proper-

ty regardless of whether the judgment is from County Court or Common Pleas Court (Answers Nos. 4 and 5 to Plaintiff's First Set of Interrogatories to Defendant Simmons and Answer No. 5 to Plaintiff's First Request for Admissions Directed to Defendant Simmons, attached to Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, doc. 16). In addition, Ohio Rev.Code § 2329.02 permits a court to which a judgment has been transferred to issue collection proceedings as if the judgment had originally been that of the transferee court. Therefore, plaintiff and other class members are subject to identical procedures regardless of which statutory section they technically fall under. It is thus appropriate for the Court to consider the validity of both statutory sections and the procedures used to implement them.

Chapter 1917 and Chapter 2329 are significantly different in length and detailed specification of procedure. For purposes of this case, however, the provisions are similar in their lack of any requirement that a judgment debtor whose personal property has been seized on execution be given notice of his right to claim an exemption under Ohio Rev.Code § 2329.66 or that the debtor have an opportunity for a hearing on the exemption claim. The answers to defendants' interrogatories also make it clear that local procedure does not provide any meaningful notice of rights or opportunity for a hearing.

The issue before the Court is whether the Ohio statutory scheme for execution upon personal property and defendants' practices violate the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 because they fail to provide judgment debtors with notice of their right to claim exemptions or an opportunity for a hearing on any such claim. This Court has already decided a case involving the same issue in a similar context. In *Simler v. Jennings*, 23 Ohio Op.3d 554 (Aug, U.S. Magistrate, S.D.Ohio 1982), Ohio's post-judgment garnishment law was found to be violative of the due process clause because it did not provide judgment debtors with notice or opportunity for a timely hearing at which the debtor could claim any exemption from execution on his assets in the hands of a third party. We see no difference in law between that case and the present case in which the judgment debtor's assets are in his own possession at the time of execution. Therefore, we adopt the reasoning and analysis of Magistrate Aug's excellent opinion in *Simler*.

■ As discussed in *Simler*, due process is flexible, requiring whatever procedural protections are demanded by the particular situation, *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Instead of rigidly applying due process as was done in *Endicott-Johnson Corp. v. Encyclopedia Press*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), recent post-garnishment cases have adopted the balance of interests test promulgated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The factors to be considered are (1) the effect of the official action on private parties; (2) the risk of erroneous deprivation under existing procedures and the value of substitute procedural safeguards; and (3) the expense or burden to the government of additional safeguards. *Id.* at 334–35, 96 S.Ct. at 902–03.

In the instant case both the creditor and the state have an interest in enforcing and satisfying the judgment against the debtor as efficiently as possible. *Cole v. Goldburger*, 95 Misc.2d 720, 410 N.Y.S.2d 950, 954 (1978). The state also has an interest in effectuating the statutory exemptions to execution on personal property whose purpose is to protect the debtor from financial ruin. *Dennis v. Smith*, 125 Ohio St. 120, 180 N.E. 638 (1932). Plaintiff's automobile is essential to her for many basic functions such as attending school, buying groceries, and obtaining medical care, especially because she lives in a rural area without adequate public transportation. The creditor's interest in satisfying his judgment is also furthered by enabling plaintiff to continue attending school after which she may

have improved prospects of finding employment and paying the judgment.

The risk of erroneous deprivation is great under the current statutory scheme and practice because there is no meaningful notice of the possibility of claiming exemptions or an opportunity for a timely hearing on the claim. Plaintiff's case illustrates that a person with a valid exemption will still be wrongfully deprived of his assets for a substantial period of time. Thus, additional procedural safeguards would be likely to reduce the risk of erroneous deprivations.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) the Supreme Court held that due process requires that judgment debtors receive timely and adequate notice of the seizure of their assets. The required notice must inform the parties of the action being taken and afford them an opportunity to present their objections. *Id.* at 314, 70 S.Ct. at 657. A utility company's notice of termination of services which failed to inform customers of procedures for disputing the threatened termination was held violative of due process in *Craft v. Memphis Light, Gas & Water Division*, 534 F.2d 684, 687–89 (6th Cir.1976), *aff'd.*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). In addition to providing information about the possibility of contesting garnishment, the Third Circuit has held that the debtor must be informed that he may be entitled to claim exemptions. *Finberg v. Sullivan*, 634 F.2d 50, 62 (3d Cir.1980).

In Ohio the judgment debtor receives no notice at all under either Chapter 2329 or Chapter 1917. Although the debtor is effectively put on notice by the seizure itself, the debtor is not notified of the right to raise a defense. If the debtor objects to the seizure, local practice is to advise the debtor to consult an attorney or to request a hearing. Nothing about available defenses to the seizure is communicated to the untutored debtor unless he raises the issue. Thus, Ohio law and practice fail to provide adequate notice.

Due process also requires an opportunity for a prompt post-seizure hearing. *Mathews,* 424 U.S. at 319, 96 S.Ct. at 895. Neither of the statutes involved in the present case provides for hearings on any claimed exemption by the judgment debtor. In practice, if a hearing is requested, the clerk of court will schedule it before the judge who originally heard the matter. (Answer No. 11 to Plaintiff's First Set of Interrogatories to Defendant Simmons, attached to Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment.) Such an ad hoc method of providing a hearing does not satisfy due process requirements because it lacks promptness. There is no statutory time limit on setting the hearing and the hearing might be delayed by a busy court calendar or other administrative factors. In the present case, plaintiff was deprived of her automobile for over a month due to the time it took to consult an attorney, file papers, obtain a court ordered appraisal and have it approved by the court prior to her repossession of the car. Fifteen days has been held to be too long a period to deprive a person of money needed for basic needs. *Finberg* at 59. We believe that thirty-eight days is an excessive length of time unlawfully to deprive a person of an automobile needed for many basic daily functions. Thus, the Ohio statutory procedures and local practices do not provide safeguards minimizing the risk of unlawful deprivation of property because they do not require notice of the right to claim lawful exemptions or a meaningful opportunity for a prompt hearing.

Finally, procedural safeguards to prevent erroneous deprivation of property would be neither burdensome nor expensive. A judgment debtor could be informed of the right to claim an exemption and the types of exemptions available through a written notice at the time of the seizure or through the mail to a judgment debtor's last known address. The notice could set out a simple procedure, such as checking a box and returning it by mail to the clerk, if the debtor believes he qualifies for an exemption. A hearing could be re-

quired within three days of the request and, because the issues involved would be simple, the hearings would be straightforward and not time-consuming.

We conclude that the administrative and the physical burdens of additional or substitute procedures to provide judgment debtors with appropriate safeguards will not unduly upset existing procedures or greatly add to their costs. The defendants' lack of opposition to plaintiff's motion for partial summary judgment confirms this conclusion.

Paraphrasing Magistrate Aug's conclusion in *Simler*, we agree that modern notions of due process, analyzed under a balance of interests tests, require basic minimal safeguards when the personal property of a judgment debtor is executed upon. These safeguards can be achieved by prompt and adequate notice and hearing on claims of exemption raised by the judgment debtor. The present post-judgment execution scheme, as authorized by statute and as practiced by the Clermont County courts, deprived the plaintiff, and all judgment debtors who own personal property subject to execution in Clermont County, Ohio, of their property without due process of law in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. We hold, therefore, that Ohio Rev.Code Chapter 1917, relating to post-judgment execution in county court, and Ohio Rev.Code Chapter 2329, relating to execution upon personal property in common pleas court, are unconstitutional on their face and as carried out by the Clermont County Clerk and the Clermont County Sheriff in that they fail to provide adequate notice of a right to claim an exemption and a prompt hearing on the merits of that claim. Accordingly, plaintiff's motion for partial summary judgment is granted.

An appropriate order declaring Ohio Rev. Code Chapter 1917 and Ohio Rev.Code Chapter 2329 unconstitutional on their face and as carried out by the Clermont County Clerk and the Clermont County Sheriff in

that they fail to provide for adequate notice of a right to claim an exemption at a prompt hearing on the merits of their claim shall issue. This order shall also enjoin the practice of executing upon personal property of judgment debtors prior to providing such debtors with notice of the right to claim exemptions and an opportunity to be heard on the claim. The parties shall prepare this order and jointly submit it for the Court's approval and a pretrial conference scheduled for April 26, 1984 at 11:00 a.m.

SO ORDERED.