899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George W. THIEL, et al., Plaintiffs-Appellants,
v.
Paul ROWE, et al., Defendants-Appellees.
 No. 89-3539.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 George W. Thiel and others representing the Douglas Family Trust, which owned and operated a 189-acre farm in Knox County, Ohio, sued Paul Rowe, the sheriff of Knox County, the clerk and deputy clerk of the Knox County Common Pleas Court, and other defendants in three separate federal actions. Thiel and his fellow plaintiffs appeal a summary judgment for Rowe in the third of the three actions, which resulted from the foreclosure, seizure, and sale of the farm and farm equipment. They had sought an injunction against the attachment of their property, a declaration that the Ohio execution statute, Ohio Revised Code Sec. 2329 et seq., is unconstitutional, and damages. Following the reasoning of Judge Graham in the other two federal actions, by which he granted Rowe's motion for summary judgment on the ground of res judicata, the district court granted Rowe's summary judgment motion in this companion case. Because we agree that the doctrine of res judicata bars the appellants' claims, we affirm the judgment of the district court.
 
 
 2
 * In June 1979, the appellants pledged the farm to the Federal Land Bank of Louisville in exchange for a loan of $154,000. In 1985, the appellants defaulted, and the Federal Land Bank filed a foreclosure action in the Knox County Court of Common Pleas. On March 11, 1986, the court granted judgment for the bank in the amount of $174,079.08, and on March 17, 1986, the court issued the order of foreclosure. An appeal in the state court was dismissed for want of prosecution. The Federal Land Bank purchased the property for two-thirds of its appraised value. On June 11, 1986, the state court issued an order confirming the sale. The appellants filed a motion to vacate the order confirming the sale, which the court overruled on July 10, 1986. They appealed this ruling to the state court of appeals, which affirmed. The Ohio Supreme Court denied review of the appeals court's decision.
 
 
 3
 The proceeds from the sale of the mortgaged property were insufficient to satisfy the March 11, 1986 judgment. The court of common pleas ordered that the bank was entitled to a deficiency judgment of $23,641.87; the bank then initiated proceedings for execution on the appellants' personal property. According to the state court docket sheet, a praecipe for writ of execution was filed on June 25, 1986.[2] On July 11, 1986, Rowe and his deputies entered the farm and attached property sufficient to satisfy the deficiency judgment. The appellants claim that the sheriff seized property worth about $130,000 to satisfy the $23,641.87 judgment.
 
 
 4
 The district court, by an order of Judge Kinneary, denied the appellants' motion for an injunction. Only the remaining issues of the constitutionality of Ohio Rev.Code Sec. 2329 and damages were presented to Judge Smith. The gravamen of the appellants' claim before Judge Smith was that the seizure of the personal property on July 11, 1986 occurred without notice and without providing them any opportunity to pay the deficiency judgment. A post-seizure hearing was conducted by the state court, but the appellants argue that this hearing did not correct the pre-seizure violation of their due process rights. They also claim that this action is "separate and distinct" from the two prior suits argued before Judge Graham.
 
 II
 
 5
 The appellants claim that Rowe attached their personal property on July 11, 1986 without notice, in violation of the common law rule laid down in Clay v. Fisher, 584 F.Supp. 730 (S.D.Ohio 1984). Clay v. Fisher considered the constitutionality of the Ohio statutory scheme for execution upon personal property and held that, in that case, Ohio Rev.Code Sec. 2329 (concerning execution upon property in common pleas courts) and Sec. 1917 (concerning execution upon personal property in county courts) violated the due process clause of the fourteenth amendment "because [the statutes] fail to provide judgment debtors with notice of their right to claim exemptions or an opportunity for a hearing on any such claim." 584 F.Supp. at 732. The court in Clay v. Fisher enjoined the practice of executing upon the personal property of judgment debtors prior to providing notice and an opportunity to be heard. Id. at 734. The Ohio legislature, in the wake of Clay v. Fisher, repealed Ohio Rev.Code Sec. 1917.
 
 
 6
 The appellants contend that Rowe executed upon their property without notice. They assert that they had many exemptions that they could have raised under Ohio Rev.Code Sec. 2329.66. With notice, they would have tried to obtain a loan to pay the judgment, or at least they would have chosen which items they wished to sell. The appellants argue that the post-seizure hearing conducted on August 19, 1986, five weeks after the execution, did not comply with the requirements of due process.
 
 
 7
 The appellants also argue that the district court erred by holding that their claims were barred by the doctrine of res judicata. They argue that this current claim is distinct from their previous claims because it asserts new damages. It was not until the assets were finally disposed of (presumably, after the commencement of the first action) that the appellants were able to fix the amount of damages in dispute. Therefore, they assert that this is a different claim from any other considered by the Ohio state courts.
 
 
 8
 We find no merit in the appellants' arguments. First, Ohio Rev.Code Sec. 2329 is not unconstitutional as applied to the appellants because they did receive notice and an opportunity to defend against the foreclosure. Before the personal property that was seized could be sold, Rowe had to defend a lawsuit by a third party, who claimed title to the chattel at an exemption hearing. A trial was held in an Ohio municipal court, and the jury found that the third-party claimant had no rights in the property. Except for this third party's claim, no exemptions were raised at the exemption hearing. Furthermore, the appellants never attempted to sell off any of the chattels to satisfy the deficiency judgment during the period following their default on the loan. The appellants were on full notice that a sale of the personal property was pending. They had a fair opportunity to be heard before the sale, but they raised no exemption claims.
 
 
 9
 Several state courts and two federal courts already have determined that the appellants' due process argument cannot withstand scrutiny. All of those courts uniformly held that the appellants were provided constitutional protections at each stage of the proceedings. The appellants have unsuccessfully raised this argument in the Knox County Court of Common Pleas, the Knox County municipal court, the state court of appeals, the Ohio Supreme Court, and the United States District Court for the Southern District of Ohio. Judge Graham held that the appellants had not proven that they were provided insufficient procedural safeguards. Since the appellants had a full and fair opportunity to litigate these same issues in other tribunals, those previous judgments have preclusive effect in this court. The appellants cannot collaterally attack the foreclosure action, the validity of which was confirmed by the state courts.
 
 
 10
 In granting summary judgment for Rowe, the district court held both that Ohio Rev.Code Sec. 2329 was not unconstitutionally applied and that, in any case, res judicata bars the appellants' constitutional claim. We agree. Although the appellants claim that they are asking for a different amount of damages in this action than they sought in the previous actions, the claim before us is the same as that which was litigated before the state courts.
 
 
 11
 The appellants raise no new issues or claims in this lawsuit. They do not deny that they have had their day in court. They defaulted on the loan over four years ago. They may not protract the resolution of this case any longer.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 The appellants argue that the docket sheet was altered after the fact to reflect a June 25, 1986 entry for the filing of the praecipe and that at the time of the execution, no praecipe had been filed. They offer no proof to substantiate this allegation