YOUNG, Appellee,

v.

HORNYAK, Appellant.

[Cite as *Young v. Hornyak* (1993), 85 Ohio App.3d 296.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–172.

Decided Feb. 19, 1993.

*Peter Gwyn, James Millon* and *Sheilah McAdams,* for appellee.

*Gary Horn,* for appellant.

---

HANDWORK, Judge.

This case was initiated as an accelerated appeal from a final judgment of the Municipal Court of Maumee, Ohio which denied appellant's motion for amercement.

Appellant has presented two assignments of error:

"I. The trial court's decision denying defendant-appellant's motion to amerce was against the manifest weight of the evidence and incorrect as a matter of law.

"II. The trial court erred as a matter of law requiring defendant-appellant to prove ownership and/or value of the subject property seized."

This court has carefully studied the record, including the transcript of proceedings of the motion hearing and the applicable law. For the reasons which follow we affirm the judgment of the trial court.

A brief procedural history is important to understand the posture of the parties to this appeal. The motion for amercement which is the subject of this appeal was filed in *Young v. Hornyak* in the Maumee Municipal Court, case No. CV 87–F–579. The underlying case commenced as an action on a note by H. Squire Young against Ronald E. Hornyak and default judgment was granted to plaintiff Young in March 1988. A praecipe for execution was issued in April 1988, and a deputy clerk of the Maumee Municipal Court received the writ and immediately seized and inventoried property at the place of business of defendant Hornyak.

Thereafter, Hornyak requested an exemption from execution. A hearing was scheduled and ultimately continued at his request. On April 18, 1988, at the continuation of the exemption hearing the court was notified that Hornyak was in the process of filing for bankruptcy. The court issued a conditional order to the effect that if the bankruptcy was in fact filed, a stay of proceedings would be automatic, and if bankruptcy was not filed, Young was required to file an application for the appointment of three appraisers and Hornyak was required to surrender the keys to his property.

The record of this case indicates that three years and four months went by before additional proceedings took place. At that time the court indicated that plaintiff had not caused the property to be sold and unless he did so within thirty

days the property seized would be subject to being returned to defendant at his request. On January 28, 1992, defendant filed a motion for accounting, for return of property and to show cause. Both parties appeared in court soon thereafter and acknowledged that the property seized in April 1988 was no longer at the site and neither party was aware of its present whereabouts. The motion was found to be moot. On February 11, 1992, Hornyak's motion for amercement was filed, and following a full hearing on April 20, 1992, the motion was denied. The court reasoned that Hornyak had failed to prove ownership of the subject property and/or the value of said property, thus failing in his burden of proof.

From the above recitation, it can be seen that it is the judgment debtor who seeks relief pursuant to R.C. 2707.01 and pursuant to the applicable case law, claiming in essence, that the deputy clerk violated a direct court order which required her to sell the property levied upon and return the proceeds to the court within sixty days from April 6, 1988.

In pertinent part R.C. 2707.01 reads:

"If an execution or order of sale directed to an officer comes to his hands to be executed, and he neglects or refuses to execute it; or if he neglects or refuses to sell property of any kind which, by a writ or order, he is directed to sell; * * * or neglects to return to the proper court an execution or order of sale to him directed on or before the return day thereof; * * * or neglects * * * to pay to the person entitled thereto money by him collected or received for the use of such person; * * * such officer shall be amerced in the amount of such judgment, including costs, with ten per cent thereon, to and for the use of the plaintiff or defendant."

In *Rodgers v. Rodgers* (1991), 74 Ohio App.3d 580, 599 N.E.2d 751, the Court of Appeals for Pike County discussed the amercement statute. It indicated that there are two separate actions which may be brought on account of a sheriff's alleged nonfeasance in executing a writ. The court said at 583, 599 N.E.2d at 753:

"On the one hand, a claimant may bring a statutory amercement action under R.C. Chapter 2707. In Ohio, the amercement statute is penal in nature. *Langdon v. Summer's Admr.* (1859), 10 Ohio St. 77, paragraph two of the syllabus. As such, the penalty is meant to remedy 'official delinquency' rather than restore the status quo of the injured party. * * *

"On the other hand, a party injured by a sheriff's nonfeasance may also bring an entirely separate and distinct action at common law in order to recover damages."

Careful attention to the motion filed in the instant case, though it is styled as a motion for amercement, compels this court to the conclusion that the relief

requested by appellant is in the form of money damages from the city of Maumee as a consequence of the alleged nonfeasance of its officer. There is a clear request for damages in the amount of $10,000 and, in essence, the appellant is seeking to be restored to the original status quo, that position he was in prior to the writ of execution having been issued. Therefore, appellant bore the burden of proof regarding the nature and extent of his damages and certainly had an obligation to prove that he owned the property in question. A careful reading of the transcript of proceedings in the record before this court indicates that appellant failed to meet his burden of proof on the issue of *ownership and damages.*

It is the further opinion of this court that given the facts and procedural posture before the court below, appellant had *no standing* to bring an action in amercement pursuant to R.C. 2707.01. As stated in *Rodgers, supra,* 74 Ohio App.3d at 584, 599 N.E.2d at 753:

"An amercement remedy should not be given in a case which falls outside the letter and the spirit of the statute. * * * However, the Supreme Court has given us no guidance on how to apply such a nebulous standard."

In this case appellant, the judgment debtor, is seeking relief pursuant to R.C. 2707.01, alleging nonfeasance of a court officer. We believe such an action is contrary to the letter and spirit of the statute. The statute is designed, in significant part, to protect a judgment creditor who is injured by the actions or nonactions of a court officer. A judgment debtor is provided singular protection under the provisions of this statute and may properly bring an action in amercement only when the officer refuses or neglects upon demand to "pay the judgment debtor all money by him received on sale made, beyond what is sufficient to satisfy the writ or order of sale, with interest and costs." R.C. 2707.01.

It is clear from the record that the reason the property was not sold in this case is no fault of the court officer involved. Additional court proceedings, prompted by both plaintiff and defendant, interrupted the ordinary process of sale. The property was never sold. In the opinion of this court, a judgment debtor may only avail himself of the remedies available in R.C. 2707.01 when property has in fact been sold and proceeds exist above and beyond that amount of money necessary to satisfy the amount of the judgment creditor's judgment. Under any other factual scenario, a judgment debtor has no standing to proceed pursuant to R.C. 2707.01. Accordingly, Assignments of Error Nos. I and II are found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Maumee Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, J., concurs.

ABOOD, J., concurs in judgment only.