**Joseph T. McGINNESS, Receiver of Iraj Derakhshan, M.D., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. 1:93 CV 1258.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 27, 1995.

Joseph T. McGinness, Cleveland, OH, for plaintiff.

Henry J. Riordan, Department of Justice, Washington, DC, Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, for defendants.

## MEMORANDUM AND ORDER

OLIVER, District Judge.

The court has reviewed the Report and Recommendation of the Magistrate Judge rendered February 6, 1995, recommending dismissal of Plaintiff's complaint. After thoroughly reviewing this recommendation and the objections thereto, the court adopts the Magistrate's recommendation with the modifications set forth below.

### I.

In Parts IV and V of his Report and Recommendation, the Magistrate rejected the Government's assertion that, as a receiver, Plaintiff stands in the place of the taxpayer. Instead, the Magistrate found that Plaintiff stands in the place of the taxpayer's "ex-wife and children, appointed through the court, in an effort to satisfy judgments rendered in the divorce action and to provide child support." Magistrate's Report and Recommendation, at 5. As such, the Magistrate found that Plaintiff is a fiduciary of the taxpayer's ex-wife and children and thereby lacks standing because he can assert no "interest in or lien on property to maintain a wrongful levy action under 26 U.S.C. Section 7426." Id. at 6 (citations omitted).[1]

This court finds that receivers are not fiduciaries, but rather, are "merely administrative arms of the court who take charge of assets for the purpose of conserving them to the ends of equity and for the benefit of creditors generally." *Tonti v. Tonti,* 118 N.E.2d 200, 202 (Ohio App.1954). In this capacity, receivers possess no interest in or lien on the property over which they have been appointed. *See, e.g., Mine Safety Appliances Co. v. Best,* 76 N.E.2d 108 (Ohio Com.Pl.1948). Furthermore, Ohio caselaw demonstrates that receivers, in effect, stand in the shoes of the person over whose property they have been appointed. *See, e.g., Meyer v. Board of Liquor Control,* 119 N.E.2d 156 (Ohio Com.Pl.1954) (a receiver acquires no greater right in the property than his debtor had); *Mine Safety Appliances Co.,* 76 N.E.2d 108 (a receiver stands in the place of and has no greater rights than the party over whose property he has been appointed receiver).

The foregoing analysis indicates that Plaintiff lacks standing for two reasons. First, as a receiver, he possesses no interest in or lien on property and therefore is not within the ambit of 26 U.S.C. Section 7426(a)(1). Second, the receiver stands in the place of the taxpayer. The taxpayer is prohibited from bringing suit under Section 7426. Therefore, the receiver is also prohibited from bringing suit under the statute.

### II.

For the foregoing reasons, the court hereby adopts the Report and Recommendation of the Magistrate Judge, dismissing Plaintiff's complaint.

IT IS SO ORDERED.

## JUDGMENT ENTRY

The court, by order, having adopted the Magistrate's Report and Recommendation, hereby dismisses Plaintiff's complaint.

IT IS SO ORDERED.

---

1. 26 U.S.C. Section 7426(a)(1) reads as follows: "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."