[Cite as *Stadmire v. Donnelly*, 2011-Ohio-6481.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97156

## RICHARD L. STADMIRE

RELATOR

vs.

## COMMON PLEAS COURT
## C/O JUDGE MICHAEL DONNELLY

RESPONDENT

### JUDGMENT:
### WRIT DENIED

Writ of Mandamus
Motion No. 447543
Order No. 450165

**RELEASE DATE:** December 14, 2011

**FOR RELATOR**

Richard L. Stadmire, pro se
Inmate No. 424-953
So. Ohio Correctional Facility
P. O. Box 45699
Lucasville, OH    45699

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
By: James E. Moss
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

On August 11, 2011, the relator, Richard Stadmire, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to issue a final, appealable order and to rule upon his December 6, 2010 motion to vacate in the underlying case, *State v. Stadmire*, Cuyahoga County Common Pleas Court Case No. CR-410305.   Stadmire complains that the sentencing order in his case is not a final, appealable order because the judge did not sign it, because there is no file-stamp on it, and because the entry does not state the means of conviction.   He also alleges that there has been no ruling on his motion to vacate.   On September 8, 2011, the respondent,

through the Cuyahoga County Prosecutor, moved for summary judgment, inter alia, on the grounds of mootness. Attached to this dispositive motion is a certified copy of the April 2, 2002 sentencing entry in the underlying case, which shows the file-stamp of the clerk and the signature of the judge, as well as a certified copy of a September 7, 2011 journal entry in which the respondent, through Judge Michael Donnelly, denied Stadmire's motion to vacate. Stadmire never opposed this summary judgment motion. For the following reasons, this court grants the respondent's motion for summary judgment and denies Stadmire's application for a writ of mandamus.

To the extent that Stadmire claims that his sentencing order is not a final, appealable order because it does not state the means of conviction, e.g., a jury verdict, his position is not well taken. In *State v. Lester,* ___Ohio St.3d___, 2011-Ohio-5204, ___N.E.2d___, the Supreme Court of Ohio ruled that for purposes of Crim.R. 32(C) and R.C. 2505.02 a journal entry that states the fact of conviction, as compared to the means of conviction, satisfies the first requisite for a final, appealable order. A review of the subject journal entry reveals that the fact of his convictions is included. *State ex rel. Foster v. DeWeese*, ___Ohio St.3d___, 2011-Ohio-6038, ___N.E.2d___.

The attachments to the respondent's motion, the file-stamped and signed sentencing entry and the entry denying the motion to vacate, establish that the respondent has fulfilled its duty to issue a complete sentencing entry and a ruling on the subject motion. Thus, Stadmire's claims are moot.

Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), Cuyahoga App. No. 70077; and *State ex rel. Smith v. McMonagle* (July 17, 1996), Cuyahoga App. No. 70899.

Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *State ex rel. Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378.

The petition is defective because it is improperly captioned. Stadmire captioned his petition "Stadmire v. Common Pleas Court." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.* (1962), 173 Ohio St. 226, 181 N.E.2d 270.

Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR