[Cite as *Gaines v. State*, 2012-Ohio-93.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97412**

# EDDIE GAINES

RELATOR

vs.

# STATE OF OHIO

RESPONDENT

# JUDGMENT:
# WRIT DENIED

Writ of Mandamus
Motion No. 449046
Order No. 450951

**RELEASE DATE:** January 9, 2012

**FOR RELATOR**

Eddie Gaines, pro se
Inmate #591-362
Marion Correctional Inst.
M.C.C. Camp
P. O. Box 57
Marion, OH 43302

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

{¶ 1}   Relator, Eddie Gaines, is the defendant in *State v. Gaines*, Cuyahoga Cty. Court of Common Pleas Case Nos. CR-535214, 537607, and 537680.   Gaines avers in the body of his complaint that the prosecuting attorney – who is the de facto respondent – is "removing money" from his prison account.   Complaint, ¶3.   He requests that this court issue a writ of mandamus to prevent the prosecuting attorney from removing funds from his prison account to pay outstanding court costs in the underlying criminal cases and to return to him funds that have already been removed.

{¶ 2}   The prosecuting attorney has filed a motion for summary judgment.   For

the reasons stated below, we grant respondent's motion for summary judgment and deny the request for relief in mandamus.

{¶ 3} Gaines argues that two federal district court cases, *Clay v. Fisher*, 584 F.Supp. 730 (S.D.Ohio 1984) followed in *Hutchinson v. Cox*, 784 F.Supp. 1339 (S.D.Ohio 1992), require granting relief in mandamus. In both *Henderson v. State*, 8th Dist. No. 97042, 2011-Ohio-5679, and *Collins v. State*, 8th Dist. No. 97111, 2011-Ohio-4964, the relators requested the same relief based on the same rationale. We rejected the relator's arguments in *Henderson* and *Collins* after noting that the federal cases involved civil actions, not criminal convictions, and observing that statutory provisions and case law authorize "the department of rehabilitation and correction to apply funds in a prisoner's account to a court judgment without proceedings in aid of execution." *Henderson*, *supra*, at ¶ 11.

{¶ 4} Gaines requests the same relief as *Collins* and *Henderson* and asserts the same rationale. In light of our holding in *Collins* and *Henderson*, therefore, we hold that Gaines has failed to state a claim in mandamus upon which relief can be granted.

{¶ 5} Additionally, as was the case in *Collins* and *Henderson*, the complaint is defective. Gaines has not included the addresses of the parties as required by Civ.R. 10(A) and did not caption the case as on relation of the state as required by R.C. 2731.04. He also did not name the proper respondent in the caption.

{¶ 6} "Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his

private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator." (Citations deleted.) *Stadmire v. Donnelly*, 8th Dist. 97156, 2011-Ohio-6481, at ¶ 5.

{¶ 7} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J.