**MEYER, Appellant, v. BOARD OF LIQUOR CONTROL, Appellees.**

Common Pleas Court, Franklin County.

No. 188808.   Decided April 20, 1954.

408

John B. Freiden, Cincinnati, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By CLIFFORD, J.

This appeal arises from an order and findings of the Board of Liquor Control revoking Class C-1, C-2 and D-5 permits, Certificate No. 62327, held by the appellant, by reason of charges against him under the provisions of Regulation No. 52. The order appealed from is set forth as follows:

"This cause came on to be heard on the charges brought against the above permit holder, to-wit:

" 'That on September 25, 1953, you and/or your agent or employee, did knowingly and willfully allow in and upon the permit premises immoral, improper, indecent, profane and obscene entertainment and conduct, to-wit, the showing of moving pictures depicting acts of sexual intercourse, indecent and obscene dancing, acts of sexual intercourse, and other immoral exhibitions—in violation of provisions of the Liquor Control Act and regulations of the Board of Liquor Control,'

"and said permit holder was duly served with a copy of said charges and notice of the hearing thereon. And said permit holder, appearing before the Board of Liquor Control to answer said charges, admitted the truth thereof, and thereupon the matter was submitted to the Board on the statements of the Director of Liquor Control and said permit holder; and said Board being fully advised in the premises, orders the above permits revoked.

"It is therefore ordered and adjudged that Class C-1, C-2 and D-5 permits, Certificate No. 62327, be, and the same are REVOKED, effective December 2, 1953."

Regulation No. 52 states in part:

"No permit holder shall knowingly or wilfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; or any * * *, lewd, immoral activities * * *; or any indecedent, profane, or obscene * * * entertainment * * * "

The record discloses that this cause was heard before the Board of Liquor Control on the 10th day of November, 1953, at the offices of the Department, Room 210, 33 North Third Street, Columbfus, Ohio, as per the Order to Show Cause issued by the Director of the Department of Liquor Control to the permit holder; there appearing at said time and place the following:

"* * *

"The permit holder not appearing. Mr. Emmett R. Moore, Attorney at Law, 705 Traction Building, Cincinnati, Ohio. appearing on behalf of permit holder and Receiver." (Page one of record.)

A guilty plea was entered to the charge as disclosed on page two of the record, shown as follows:

"Mr. Schuessler: You know, we follow the rules of civil procedure here, and I believe the statute to say that failure to deny anything is admission of the truth involved  Unless you want to admit the truth here, you had better plead Not Guilty.

"Mr. Moore: We'll change our plea to Guilty, then."

The facts supporting the charge are given in detail by the sworn testimony of an eye witness, one Charles Ludwig, the owner of the land and buildings leased by him to the permit holder, Charles Meyer, and in/and or on which permit premises the violations took place as alleged in the formal charge.

His testimony graphically meets the test and requirement of the statute §119.12 R. C. (§154-73 GC), that the order of the Board is supported by reliable, probative and substantial evidence.

But, counsel for the appellant correctly points out that §119.12 R. C. (§154-73 GC), requires that such order must be "in accordance with law," and raises the question, Was the Order of the Board in accordance with law with reference to:

a. Should the Receiver have received notice of the hearing before the Board of Liquor Control?

b. On November 10, 1953, was Regulation 52 of the Board of Liquor Control a valid, enforceable regulation?

The requirements of notices for administrative hearing are

found in §119.07 **R. C.** (§154-68 GC), which reads in pertinent part:

"'* * * the agency shall give notice as hereinafter provided to the party informing him of his right to a hearing."

The term "party" is defined in §119.01 **R. C.** (§154-62 GC), which reads:

"'Party' means and includes the person or persons whose interests are the subject of an adjudication by an agency."

At the outset it should be pointed out that the instant appeal is taken by the permit holder and not by the receiver. There is no assertion by the appellant permit holder that there was a failure of notice as to him, and it is, therefore, questionable that this order should be invalidated by the failure of good notice to some one other than the appellant who is not a party to the present appeal.

It is provided in §119.07 **R. C.**, that a copy of the notice as sent to the party should also be mailed to attorneys or other representatives of record representing the party. There is no showing in the record that the appellant in this cause had designated a representative of record for any proceedings which might be had before the Board. Further, there is no showing that notice of this receivership had been brought to the attention of the Board prior to the time of hearing. In regard to the actual parties before the Board of Liquor Control in this hearing the record reveals from the cover page that a Mr. Emmett R. Moore, Attorney at Law, appeared on behalf of permit holder and receiver. The same representation appears on page two of the record where there is a statement by the Attorney General to the effect that Mr. Moore was representing the permit holder and the receiver. This was not denied and the hearing proceeded. Further, it appears from the record that counsel entered a plea of guilty. Assuming, for the sake of argument, that the receiver should have received notice, which appellee specifically denies, it would appear that the receiver was represented at the time of hearing and thus submitted himself to the jurisdiction of the Board. Mr. Moore, as counsel for the receiver and permit holder, at that time made no objection to the jurisdiction of the Board, and did in fact enter a plea of guilty. An attempt was then made to mitigate any possible penalty that the Board might assess.

In any discussion of the rights of receivership the basic question of whether a receiver acquires any rights beyond that of the permit holder to a liquor permit must be faced. The liquor permit itself has been recognized in a long line of cases beginning with **State ex rel. v. O'Brien, 130 Oh St 23,** as not creating any property right within the constitutional

meaning of that term. The courts have universally held that it is not a contract, and have been willing to say only that it constitutes a mere permission to engage in the liquor business. The Supreme Court in **Abraham v. Fiaramonte, 158 Oh St 213** held that such permits are personal licenses and not property which can be mortgaged or seized under execution or court order for the satisfaction of debt.

A similar question was presented to this branch of the Common Pleas Court of Franklin County in the case of Rio Bar v. Department, No. 188588. There the proposition, as found in **34 O. Jur.**, 994, was cited with approval, to the effect that the Receiver acquires no greater right in the property than his debtor had. The Receiver takes the property in the same condition, and subject to the same rights as it stood in the hands of the person from whom he took possession. The court there said in regards to the review of an order of the Board of Liquor Control under §119.12 R. C., as follows:

"This statute applies to a permit held by a receiver, and a Receiver standing in the shoes of the original permit holder, takes the permit subject to all the liabilities then attaching to it, and if the permit could be revoked when in the hands of the original holder, then the permit assumes no greater statute when held by a Receiver for the permit holder."

Appellee would contend that the receiver has no individual rights which are to be adjudicated, and thus under §119.07 R. C., is not entitled to notice. It is further the contention of the appellee that the receiver is bound by the acts of the permit holder and, insofar as the grounds for revocation are supported by reliable, probative and substantial evidence (§119.12 R. C.), the order of the Board must be affirmed.

Secondly, appellant contends by way of his brief that by reason of the adoption of the Revised Code as of October 1, 1953 that Regulations duly promulgated under the authority granted by the General Code to the Board of Liquor Control, having not been re-enacted under the authority granted under the Revised Code, are, therefore, void.

At the outset, it should be pointed out that the alleged violation of Regulation 52 of the Board of Liquor Control occurred on September 25, 1953, at which time Regulation No. 52 was in full force and effect. The revocation which was entered was under the authority of §6064-25 GC, now §4301.25 R. C., which provides that the Board may suspend or revoke any permit for a violation of any rule or regulation of the Board. Such regulations are promulgated under the authority of §6064-3 GC, and provide specific duties of the permit holder.

It now becomes pertinent to determine how the code revision was characterized by the Legislature. It must be determined how the Legislature intended that the change from

the General Code to Revised Code would be accomplished. In this regard attention should first be given to §1.01 R. C., which reads in part:

"The enactment of the Revised Code shall not be construed to affect a right or liability accrued or incurred under any section of the General Code prior to the effective date of such enactment or an action or proceeding for the enforcement of such right or liability. Such enactment shall not be construed to relieve any person from punishment for an act occurring in violation of any section of the General Code, nor to affect an indictment or prosecution therefor. For such purposes, any such section of the General Code shall continue in full force notwithstanding its repeal for the purpose of revision."

As contended by appellee the violation in the instant case and the punishment assessed is by virtue of statute and not by regulation. The regulation merely implements the statutory authority found in the Board. It is therefore contended that the order is in accordance with law by reason of this savings provision.

Beyond the provision that for purposes of punishment of an act committed in violation of the General Code, there is continuing effect to the General Code, the Legislature also intended that there be no hiatus between the General and Revised Code. It was the legislative purpose that the Statutes involved should have continuing force and effect. This being the case, then, the rules and regulations as promulgated under the General Code did not lapse or become void by reason of revision, but continued in full force and effect. The legislature intended that the Revised Code should not be a new enactment, but would continue the existing statutory provisions and be only a substitution. This intent is clearly set out in §1.24 R. C., which reads:

"That in enacting this Act it is the intent of the General Assembly not to change the law as heretofore expressed by section or sections of the General Code in effect or the date of enactment of this Act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of a substitute in a continuing way for applicable existing statutory provisions, and not as new enactments."

The appellee contends that by the operation of this Statute the substantive law, as found in the General Code, has continued through the revision and now exists only in new form. For this reason, then, the regulations taking their force and effect from statutory authority also have continued through the code revision.

The precise question has not been presented to the courts

of Ohio up to this time. A similar question, however, was presented in the case of Solvey v. Molony, 40 California Appeals 2nd, 381. This was a mandamus action to restrain the Medical Board from hearing a complaint on an act which had been committed prior to the revision of the Business and Professions Code of California. A similar savings clause as to that found in §1.24 R. C., supra, is found in Section two of the California Business and Professions Code. This Section read:

"The provisions of this Code insofar as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations thereof, and not as new enactments."

The court in that case denied the writ of mandamus and discussed the question as follows:

"When a statute, although new in form, re-enacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break in the continuous operation of the old statute, and no statement of any of the legal consequences of acts done under the old statute. Especially does this rule apply to the consolidation, revision, or codification of statutes, because, obviously, in such event the intent of the legislature is to secure clarification, and new arrangement of clauses, and to delete superseded provisions, and not to affect the continuous operation of the law." * * * This rule of construction, based as it is on the presumed legislative intent, applies whether the subject of the statute is civil or criminal law. It is well settled that, independently of a saving clause, a person may lawfully be prosecuted, under a repealed and re-enacted statute, for a crime committed prior to the date of the re-enactment. (Cases and text cited) * * *

"Section 2 of the Business and Professions Code codifies this legislative intent and rule of construction." (Appeal of Supreme Court denied October 10, 1940.)

The appellee would therefore urge upon this court that the regulation and statute under which appellant was found guilty has continuing force and effect notwithstanding the Code revision, and further appellee would urge that by reason of the statutory savings clause, §1.01 R. C., supra, that appellant may not escape his due punishment for an act committed prior to the revision. For these reasons then appellee asserts that there is reliable, probative and substantial evidence upon which to base a finding that the alleged incident did, in fact, occur and that the revocation assessed as a penalty for this incident is in accordance with law, to all of which this court adopts, finds and concurs.

414

The Court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence, and that the order of the Board is in accordance with law. The order of the Board is affirmed.