**Joseph T. McGINNESS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 95–3510.

United States Court of Appeals, Sixth Circuit.

Submitted June 10, 1996.

Decided July 19, 1996.

Joseph T. McGinness (briefed), Cleveland, OH, for Joseph T. McGinness.

Annette G. Butler, Asst. U.S. Atty., Office of U.S. Atty., Cleveland, OH, Gary R. Allen, Acting Chief (briefed), William S. Estabrook, Andrea R. Tebbets, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for U.S., I.R.S.

Before: KENNEDY, CONTIE, and NELSON, Circuit Judges.

KENNEDY, J., delivered the opinion of the court, in which NELSON, J., joined. CONTIE, J. (p. 147), delivered a separate concurring opinion.

KENNEDY, Circuit Judge.

Plaintiff, Joseph T. McGinness, appeals the District Court's dismissal of his complaint seeking reimbursement for property seized by the Internal Revenue Service ("IRS"), arguing that as court-appointed receiver he has standing to bring this wrongful levy action under I.R.C. § 7426. For the following reasons, we REVERSE.

## I. Facts

By order of the Lake County Court of Common Pleas, Ohio, on October 19, 1990, Joseph T. McGinness was appointed receiver to take possession of property of Iraj Dera-

khshan, M.D., for the purpose of satisfying a judgment rendered in a divorce action between Derakhshan and Linda Jaenson, Derakhshan's former wife. The court ordered a number of entities, including Nationwide Mutual Insurance Company ("Nationwide"), to yield to the plaintiff, in his capacity as receiver, any and all funds then in their possession, or which might come into their possession in the future, which were the property of Derakhshan or a professional corporation bearing his name. For some unspecified period of time, Nationwide and other entities named in the court's order complied, submitting to plaintiff Medicare and other provider payments that were due to Derakhshan or his professional corporation. At some point between December of 1991 and April of 1992, however, the IRS levied upon approximately $137,000 due Derakhshan on Medicare claims billed through Nationwide.

Plaintiff commenced this action under I.R.C. § 7426 against the Commissioner of Internal Revenue, alleging that the IRS wrongfully levied upon the Nationwide provider payments. Plaintiff claimed that he was the sole owner of that property, which was subject to attachment and execution by the prior order of the Common Pleas Court.

The United States moved to dismiss plaintiff's complaint, contending that because the plaintiff, as receiver, stood in the place of the taxpayer, he could not maintain this suit under § 7426. The District Court held that plaintiff lacked standing to bring this action for two reasons: (1) he possessed no interest in or lien on the receivership property; and (2) he stood in the place of the taxpayer, whom § 7426 specifically bars from bringing suit. Accordingly, it granted the United States' motion and dismissed plaintiff's complaint. Plaintiff now appeals from this order.

## II. Discussion

■ The United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. Section 7426(a) of the Internal Revenue Code provides a limited waiver of sovereign immunity allowing third parties to sue the United States when IRS collection activities interfere with their property rights. Section 7426(a)(1), in relevant part, provides:

**Wrongful levy.**—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

I.R.C. § 7426(a)(1) (1996). Thus, there are three prerequisites for establishing a § 7426 waiver of sovereign immunity. First, the person asserting the wrongful levy claim must not be one against whom the tax is assessed. Second, that person must claim a legally cognizable interest in the property. Finally, the property must have been wrongfully levied upon. Plaintiff claims that he has satisfied these prerequisites. We examine each requirement in the context of this case in turn.

### A.

■ First, plaintiff challenges the District Court's finding that he stands in the place of the taxpayer and, therefore, is prohibited from bringing suit under § 7426. Plaintiff claims that a court-appointed receiver does not stand in the place of the taxpayer and instead falls within the class of persons that can assert claims of wrongful levy under § 7426.

Ohio courts have described a receiver as "merely the administrative arm of the court who takes charge of the assets of the partnership for the purpose of conserving them to the ends of equity and *for the benefit of creditors* generally." *Tonti v. Tonti*, 118 N.E.2d 200, 202 (Ohio.Ct.App.1951) (emphasis added); *see Mine Safety Appliances Co. v. Best*, 76 N.E.2d 108, 110 (Ohio Ct. Common Pleas 1947) (stating that the receiver "stands as a ministerial officer of the court not having title to the property, but obtaining his authority by the act of the court alone"). The appointing court defines the powers of the receiver and, therefore, controls his actions. *See* Ohio Rev.Code § 2735.04 (stating that, under the control of the appointing

court, the receiver may exercise certain powers). Because the receiver does not act under the control of or on behalf of the debtor-taxpayer, he does not stand in the place of the owner of the assets over which he exercises his authority. Therefore, plaintiff does not stand in the place of Derakhshan, the taxpayer.

Nonetheless, the United States suggests that, because the receiver can acquire no greater rights in property than the taxpayer, he stands in the place of the taxpayer for purposes of determining standing under § 7426. While it is true that the receiver can acquire no greater legal rights or powers with respect to the property than Derakhshan possesses, *Meyer v. Board of Liquor Control*, 119 N.E.2d 156, 158–59 (Ohio Ct. Common Pleas 1954), the receiver's powers are not limited to the legal rights of the debtor-taxpayer. Upon his appointment, the receiver succeeded to the rights of not only the debtor, but also the creditor. He assumed the "power to enforce the rights which the creditors, but for the proceedings under which the receiver was appointed, might have enforced in their own behalf." *Bayne v. Brewer Pottery Co.*, 90 F. 754, 756 (C.C.N.D.Ohio 1898). When the receiver filed this wrongful levy action, he sought to enforce Jaenson's rights to the levied-upon property. As such, he was exercising that power that the appointing court granted him; he was not exercising the rights of Derakhshan, representing his interests, or acting in his place.

Our conclusion that the plaintiff does not stand in the place of the taxpayer for purposes of this wrongful levy action is further supported by Ohio Rev.Code § 1309.20(C). That section defines a "lien creditor" as a "creditor who has acquired a lien on the property involved by attachment, levy or the like and includes ... a receiver in equity from the time of appointment." Ohio Rev. Code § 1309.20(C). By operation of this statute, therefore, at the time of his appointment, plaintiff acquired a lien on the Nationwide provider payments. When plaintiff brought this wrongful levy action, therefore, he sought to enforce his lien creditor status; he was not exercising the rights of the tax-

payer. While Jaenson's and the receiver's right to the money arises out of the taxpayer's right to payments for medical service, the same is true whenever a creditor has attached property. Under the Common Pleas Court's order, the monies due Derakhshan and his corporation could not be paid to the taxpayer; the order assigned those payments to the receiver. Because the taxpayer no longer had the right to receive the payments, the receiver cannot be asserting taxpayer's rights. Instead, as receiver, plaintiff sought to enforce his own and the creditor's rights. As such, § 7426 does not bar him from maintaining this wrongful levy action.

### B.

■ Having concluded that the receiver does not stand in the place of the taxpayer for purposes of this wrongful levy action, we proceed to consider whether he claims a legally cognizable interest in the property such that he has standing to maintain this action. To have standing to challenge a wrongful levy under § 7426, one must have an interest, such as a fee simple or equivalent interest, a possessory interest, or a security interest, in the property levied upon, or a lien on the property at issue; an unsecured interest is not sufficient to confer standing. *Frierdich v. United States*, 985 F.2d 379, 383 (7th Cir.1993); *Aspinall v. United States*, 984 F.2d 355, 358 (10th Cir.1993); *Valley Finance, Inc. v. United States*, 629 F.2d 162, 168 (D.C.Cir.1980), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981).

The United States suggests that because the receiver's right to possess property is purely custodial on behalf of the appointing court, he has no interest in the levied-upon property. However, as already discussed, by operation of Ohio law, the receiver in equity acquires lien creditor status over those assets specified by the court at the time of appointment. *See* Ohio Rev.Code § 1309.20(C). As a lien creditor, he has a property interest in the property he holds in his capacity as receiver. When plaintiff was appointed receiver he acquired, under the court's order, a lien on funds due to Derakhshan from Nationwide albeit for the benefit of Jaenson.

That lien is a property interest sufficient to confer standing under § 7426. *See Feiler v. United States*, 62 F.3d 315, 317 (9th Cir.1995) (assuming that judgment lien creditors had an interest sufficient to maintain an action under § 7426 for wrongful levy); *Texas Commerce Bank–Fort Worth, N.A. v. United States*, 896 F.2d 152, 159 (5th Cir.1990) (suggesting that claims of lien priority are properly resolved in a § 7426 action); *Air Power, Inc. v. United States*, 741 F.2d 53, 54 (4th Cir.1984) (assuming that a judgment lien creditor has a legally cognizable interest in property for purposes of § 7426); *Valley Finance, Inc.*, 629 F.2d at 168 (suggesting that the holder of a lien or other specifically enforceable property interest has standing under § 7426). Therefore, we conclude that plaintiff does have a legally cognizable interest in the levied-upon funds that supports his cause of action under § 7426.

### C.

 While we have concluded that the receiver does not stand in the place of the taxpayer for purposes of this wrongful levy action and does in fact have an interest in the disputed property, to establish a waiver of sovereign immunity, plaintiff must still prove that the levy was wrongful. A levy is wrongful if: (1) it is placed on property exempt under § 6334;[1] (2) it is placed on property in which the delinquent taxpayer had no interest; (3) it is invalid under §§ 6323 or 6324(a)(2) or (b);[2] or (4) the plaintiff's interest in the property is senior to the federal tax lien and will be destroyed by the levy. 26 C.F.R. § 301.7426–1 (1996). Because the District Court did not consider whether the levy in this case was wrongful, the action must be remanded for such a determination.

### III. Conclusion

For the reasons stated, we reverse the decision of the District Court and remand for further proceedings consistent with this opinion.

CONTIE, Circuit Judge, concurring.

Though I concur in Judge Kennedy's opinion, I believe that the peculiar facts underlying this action present an additional basis for reversing the district court.

The record reveals that the Lake County Court of Common Pleas found Dr. Derakhshan in contempt of court for failing to pay approximately $200,000 in alimony and child support arrearages. In an attempt to purge the contempt order, Dr. Derakhshan "gave $165,000 in Medicare claims to the receiver who, in turn, submitted them to Medicare (Nationwide) for payment." Appellant's Brief at 8. Because Dr. Derakhshan assigned the right to receive these funds to the court-appointed receiver in an effort to purge the existing contempt order, McGinness clearly obtained a legally cognizable interest in the property (*i.e.*, the right to receive the funds).

Because section 7426 "affords the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability," *Texas Commerce Bank–Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir.1990) (citations omitted), McGinness has standing to pursue this wrongful levy action. Accordingly, the district court's dismissal of McGinness' action must be **REVERSED.**

---

1. Section 6334(8) exempts from levy so much of the taxpayer's "salary, wages, or other income as is necessary to comply" with a judgment "to contribute to the support of [the taxpayer's] minor children." I.R.C. § 6334(8) (1996).

2. Section 6323 provides that a federal tax lien is not valid against a judgment lien creditor until notice of that lien has been properly filed and protects certain interests even when notice has been properly filed. I.R.C. § 6323 (1996).