Joseph T. McGINNESS, Plaintiff,

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, et al.,**
**Defendants.**

**No. 1:93 CV 1258.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 22, 1999.

Joseph T. McGinness, Cleveland, OH, for plaintiff.

Henry J. Riordan, Dept. of Justice, Washington, DC, Annette G. Butler, Office of the U.S. Atty., Cleveland, OH, for defendant.

## ORDER

OLIVER, District Judge.

Plaintiff, Joseph T. McGinness ("Plaintiff"), brings this action against Defendant, Commissioner of Internal Revenue Service ("Defendant or IRS"), pursuant to Internal Revenue Code ("I.R.C.") § 7426, seeking reimbursement of funds levied upon by Defendants. Plaintiff originally named the Commissioner of the IRS, the District Director of the IRS, Attorney General of the United States, Janet Reno, United States Attorney for the Northern District of Ohio, Emily Sweeney, and Iraj Derakhshan as Defendants in the instant matter. However, because the dispute in the instant matter involves funds levied upon by the IRS, the government officials named in the Complaint are improperly named. Thus, for the purposes of the instant order, the term "Defendant" refers to the real party in interest, the IRS. Iraj Derakhshan is named as a Defendant, but he has not made an appearance in this case. In any event, he is a nominal party; the dispute in the instant matter is between Plaintiff, as receiver, and the IRS.

Currently pending before the court are cross-motions for summary judgment. For the reasons set forth below, Plaintiff's Motion for Summary Judgment (Doc. No. 30) is denied, and Defendant's Motion for Summary Judgment (Doc. No. 31) is granted.

## I. FACTS

On October 19, 1990, the Lake County Court of Common Pleas, Ohio, appointed Plaintiff receiver to take possession of the property of Iraj Derkhshan, M.D. ("Derkhshan"). Plaintiff took possession of Derkhshan's property to satisfy a judgment in a divorce action between Derkhshan and his former wife, Linda Jaenson. The Common Pleas Court ordered Nationwide Mutual Insurance ("Nationwide"), a fiscal intermediary for disbursement of Medicare claims, to tender all funds due to Derakhshan or a professional corporation bearing his name that were in their possession or which might become due in the future to Plaintiff.

Notices of Levy, dated November 21, 1991, and April 21, 1992, were issued by Defendant to Nationwide. These levies were in the amounts of $407,059.49 and $468,679.54, respectively. On July 19, 1993, pursuant to the previously-filed no-

tices of levy, Defendant received $80,-497.27 from Nationwide.

On June 15, 1993, Plaintiff brought the instant matter, seeking reimbursement of the funds levied upon by Defendant. Defendant moved to dismiss Plaintiff's Complaint, arguing that Plaintiff, as receiver, stood in the place of the taxpayer and, therefore, lacked standing to bring this suit.[1] In granting Defendant's Motion to Dismiss, the court adopted a report and recommendation which concluded that Plaintiff did stand in the place of the taxpayer. Consequently, this court concluded that Plaintiff could not meet the prerequisites necessary for a third party to sue the United States for interference with its property rights. However, on appeal, the Sixth Circuit Court of Appeals concluded that Plaintiff did not stand in the place of the taxpayer. As such, this matter was reversed and remanded for proceedings consistent with that court's decision. The appeals court concluded that Plaintiff had fulfilled the first two prerequisites in establishing Defendant's waiver of sovereign immunity. However, the instant matter was remanded to this court for determination of whether the levy was wrongful.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

Rule 56(e) specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106

---

1. Pursuant to I.R.C. § 7426(a)(1), there are three prerequisites for establishing waiver of sovereign immunity: (1) "the person asserting a wrongful levy claim must not be one against whom the tax is assessed;" (2) "that person must claim a legally cognizable interest in the property;" and (3) "the property must have been wrongfully levied upon." *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996).

S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III. LAW AND ANALYSIS

#### A. Was the Levy Wrongful?

■ The United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *See McGinness,* 90 F.3d at 145. Section 7426 of the I.R.C. provides the exclusive remedy for persons whose property has been wrongfully levied upon by the United States in payment of another person's liability. *Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d 152, 156 (5th Cir.1990).

■ To establish a waiver of sovereign immunity under § 7426, a plaintiff must show: (1) that the plaintiff is not the party against whom the tax is assessed; (2) that the plaintiff has a legally cognizable interest in the property; and (3) that the property was wrongfully levied upon. *McGinness,* 90 F.3d at 145; *see generally United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). With regard to the third element, a levy is wrongful if: (1) it is placed on property exempt from a levy under 26 U.S.C. § 6334; or (2) it is placed on property in which the delinquent taxpayer had no interest; or (3) it is invalid under 26 U.S.C. § 6323 or § 6324(a)(2) or (b);[2] or (4) the plaintiff's interest in property is senior to the federal tax lien and will be destroyed by the levy. 26 C.F.R. § 301.7426–1 (1996); *McGinness,* 90 F.3d at 147.

Plaintiff argues that the levies in the instant matter were wrongful because the relevant funds are necessary to satisfy outstanding child support payments. He relies upon 26 U.S.C. § 6334 which, in relevant part, states:

> (a) Enumeration. There shall be exempt from levy—
>
> (8) Judgments for support of minor children. If a taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

In relying upon § 6334, Plaintiff points to a Lake County Common Pleas Court order

---

**2.** "Section 6323 provides that a federal tax lien is not valid against a judgment lien creditor until notice of that lien has been properly filed and protects certain interests even when notice has been properly filed." *McGinness,* 90 F.3d at 147 n. 2.

Section 6324 governs special liens for estate and gift taxes. *See* 26 U.S.C. § 6324.

dated October 23, 1991. In that order, Derakhshan was held in contempt for failure to pay, *inter alia*, $39,132.28 in pre-decree child support. Derakhshan was also held in contempt for failure to pay $8,350 in post-decree child support. Thus, according to Plaintiff, because Derakhshan's child support payments were delinquent, the levies filed upon the relevant funds were void *ab initio*. Plaintiff's Brief in Opp. at 8.

Defendant argues that, at the time the levies were issued, Derakhshan was not delinquent in his child support payments; therefore, the relevant funds were not exempt from levy under § 6334. Consequently, Defendant maintains, the levies were not wrongful.

■ The court agrees with Defendant. The relevant regulation, 26 C.F.R. § 301.7426–1, is particularly instructive when interpreting § 6334(8). Section 6334(8), in relevant part, reads:

> (a) *Enumeration.* In addition to exemptions allowed as a matter of Internal Revenue Service policy, there shall be exempt from levy-
>
> > (8) *Judgments for support of minor children.* If the taxpayer is required under any type of order or decree ... entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or income as is necessary to comply with such order or decree. The taxpayer must establish the amount necessary to comply with the order or decree. The district director is not required to release a levy until such time as he is satisfied that the amount to be released from levy will actually be applied in satisfaction of the support of obligation.

26 U.S.C.A. § 6334(8). Examination of the record reveals that although the Common Pleas Court order, dated October 23, 1991, held Derakhshan in contempt for failure to pay $39,132.28 in pre-decree child support and $8,350 in post-decree child support, when Nationwide transferred funds to Defendant pursuant to the relevant levies, both delinquent amounts were paid in full. Specifically, the record indicates that Derakhshan satisfied the pre-decree child support amount with a check dated November 12, 1991, in the amount of $49,306. *See* Defendant's Brief in Opp. to Summary Judgment Ex. 30. *See id.* The post-decree child support was paid by a check dated July 17, 1992, in the amount of $14,000. The levies were noticed on November 21, 1991, and April 21, 1992; however, the funds paid pursuant to those levies were not transferred to Defendant until July 14, 1993. Thus, although Plaintiff has attached a statement indicating that Derakhshan was delinquent in his payments of child support as of October 28, 1997, the relevant inquiry is whether Derakhshan owed child support as of July 14, 1993, the date Nationwide transferred the relevant funds to Defendant. Because the transfer of funds from Nationwide to Defendant was not continuing in nature and there is no indication that there was an outstanding balance for child support on July 14, 1993, Plaintiff is unable to establish a particular amount of the relevant funds that was necessary to bring Derakhshan in compliance with the Common Pleas Court order. That is, absent a delinquent balance in Derakhshan's child support payments at the time Nationwide transferred the relevant funds to Defendant, those funds were not necessary for Derakhshan's compliance with the Common Pleas Court's order. In determining whether the levy was wrongful, the court cannot properly consider amounts of child support that became due after Defendant received payment from Nationwide. Therefore, notwithstanding the fact that Plaintiff has submitted evidence indicating that as of October 1997, Derakhshan owed a substantial amount of delinquent child support, the fact that, as of July 14, 1993, no amount of the funds from Nationwide was necessary to bring Derakhshan in compliance with the Common Pleas Court order is controlling.

Although Plaintiff does not argue that the levies were wrongful because: (1) it was placed on property in which Derakhshan had no interest; or (2) they were invalid under 26 U.S.C. § 6323 or § 6324(a)(2) or (b), he does maintain that his status as a lien creditor arose before Defendant filed its tax liens against Derakhshan. However, the record indicates that Defendant's liens arose before Plaintiff acquired lien creditor status. Exhibits 21 and 22 of the Government's Brief in Opposition to Summary Judgment detail liens that Defendant filed against Derakhshan on February 6, 1987, in the amount of $14,716.38 and December 31, 1986, in the amount of $83,201.88. Plaintiff was not appointed receiver by the Lake County Court of Common Pleas until October 19, 1990. Therefore, it is clear that Plaintiff's interest in the relevant funds is not senior to Defendant's interest. Inasmuch as Plaintiff cannot establish that the relevant funds were necessary to comply with the Common Pleas Court's order, and Defendant's liens arose prior to Plaintiff's interest, the levies were not wrongful under § 6334(8). Consequently, Defendant is entitled to judgment as a matter of law. Because of the nature of its ruling herein, the court finds it unnecessary to address the other arguments advanced by the parties.

## IV. CONCLUSION

In sum, for the above-stated reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 30) is denied, and Defendant's Motion for Summary Judgment (Doc. No. 31) is granted.

IT IS SO ORDERED.