In re BRAEVIEW MANOR,
INC., Debtor.

United States of America, Appellant,

v.

Braeview Manor, Inc., et al., Appellees.

Bankruptcy No. 89–5301.
No. 1:00 CV 1136.

United States District Court,
N.D. Ohio,
Eastern Division.

March 26, 2001.

---

Henry J. Riordan, Department Of Justice, Washington, DC, for USA.

Richard S. Gurbst, Squire, Sanders & Dempsey, Cleveland, OH, Michael S. Tucker, William J. Gagliano, Ulmer & Berne, Cleveland, OH, for Braeview Manor Inc.

Richard A. Baumgart, Squire, Sanders & Dempsey, Cleveland OH, for Warren Wolfson, Euclid Health Limited Partnership.

Richard S. Gurbst, Squire, Sanders & Dempsey, Cleveland, OH, Richard A Baumgart, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Unsecured Creditors Committee.

## ORDER

OLIVER, District Judge.

This matter is currently before the court as an appeal from an interlocutory order of the United States Bankruptcy Court for the Northern District of Ohio, entered on April 7, 2000. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).[1] The court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law *de novo. Industrial Equip-*

*ment Co. v. Emerson Electric Co.*, 554 F.2d 276 (6th Cir.1977).

## I. FACTS AND PROCEDURAL BACKGROUND

On December 29, 1989, the debtor Braeview Manor, Inc. ("Braeview" or "the debtor") filed for bankruptcy under Chapter 11 of the Bankruptcy Code. The United States ("Internal Revenue Service" or "IRS") filed a proof of claim in the amount of $426,843.52, $389,359.97 of which was based upon three pre-petition tax levies issued pursuant to 26 U.S.C. § 6332(d)(1). The levies were issued to Braeview for all property and rights to property belonging to P.S. Operations, Inc., Primus Inter Pares Health Consultants, Inc., and Gene Larrabee (collectively, "P.S. Operations"), as nominee and/or alter ego of the taxpayer, Medi–Pro Employment Services, Inc. ("Medi–Pro").

On or about June 25, 1999, Braeview, the Unsecured Creditors' Committee, Warren Wolfson ("Wolfson"), and Euclid Health Limited Partnership ("EHLP") filed a Joint Objection to the United States' claim under 11 U.S.C. § 502. In this objection, the parties did not dispute that the debtor owes P.S. Operations $824,164.23, plus interest, and owes Gene Larrabee $77,400.00, plus interest, pursuant to an Agreement of Purchase and a Judgment Entry arising out of the agreement. The objecting parties asserted, among other things, that the debtor was not liable to the United States because P.S. Operations was not the nominee or alter ego of the taxpayer, Medi–Pro.

The parties resolved all issues raised by the Joint Objection, except the assertion

---

**1.** "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges under section 157 of this title...." 28 U.S.C. § 158(a)(1990).

that the levies were improper. The United States filed a Motion to Dismiss the remaining objection on the ground that the objection was not a valid objection to the allowance of a claim, and arguing that the objection, instead, was an attempt to assert a wrongful levy counterclaim against the United-States. The United States argued that (1) such a claim is barred by the doctrine of sovereign immunity; (2) the objecting parties do not have standing to assert a wrongful levy claim on behalf of P.S. Operations; and (3) the claim is barred by the statute of limitations.

The Bankruptcy Court denied the United States' Motion to Dismiss the remaining objection. The denial of this motion is the basis for the appeal currently before the court. The Bankruptcy Court's order was based on the following pertinent findings of fact and rulings of law at a hearing on February 8, 2000:

> Okay, so then in the course of this determination [of the Joint Objection] the IRS along the way has raised a couple of issues questioning the Court's jurisdiction to make a determination in this matter and also raising an issue of sovereign immunity, which it asserts was not waived under section 106 by the filing of a claim....
>
> I've reviewed the cases, and my conclusion is that there is no jurisdictional lack in the Court to consider and adjudicate the matter. The assertion of the IRS rather than being jurisdictional, as I see it, is that under the laws relating to IRS levies and to rights to collaterally attack those levies, that Wolfson and EHLP, and the Debtor, for that matter, lack the right to, at this point, assert any invalidity or defect in those levies, and therefore, that the IRS is entitled to the PS Operations claims. And that's an issue the Court hasn't passed on, but the Court, in my view, clearly has the

jurisdiction, and in fact, probably the exclusive jurisdiction under the Bankruptcy Code to make that determination. It's part of the claims process, and in order to determine the ownership of those claims, and, therefore, the rightful recipient of any distribution made in respect of those claims, under the plan or otherwise, that issue is necessarily one this Court decides.

> The sovereign immunity claim is, as I understand it, premised on a similar concept or analysis. The IRS recognizes that it has asserted claims and that this Court has the authority, and the power, and the obligation to consider those claims, but that its only jurisdiction or power is to determine whether PS Operations, in fact has a claim, and there's no real dispute as to that. The decision as to any conflict in rights as between the IRS and EHLP is not a matter that this Court should consider. I find that argument sufficiently esoteric and arcane.... Here as a practical matter the IRS is a Claimant. This is the Court that needs to determine the owner of the claim, and therefore, it's my decision that I will deny the motion that the IRS has filed, which doesn't mean I've made any decision on any of the underlying issues which are there something akin to a statute of limitations, or other law, which in effect, precludes the EHLP and Wolfson faction from raising defects in the IRS levy. That's an issue that as far as I know remains open. I haven't decided that yet.

The United States filed a notice of appeal based on the lower court's ruling on April 18, 2000. This court granted the United States' Motion for Leave to Appeal on July 21, 2000. The United States asserts that the Bankruptcy Court erred by denying its Motion to Dismiss the objection to the allowance of the proof of claim because

there is no waiver of sovereign immunity for a wrongful levy action by the objecting parties and the Bankruptcy Court, therefore, lacks jurisdiction over such an action.

## II. LAW & ANALYSIS

### A. *Whether the United States is Entitled to Sovereign Immunity from the Joint Objection?*

The United States brings this interlocutory appeal seeking to overturn the Bankruptcy Court's ruling below that the United States was not entitled to sovereign immunity from the objection filed by Braeview and several of its creditors. The disputed objection asserted, *inter alia,* that the United States' proof of claim, based on three pre-petition tax levies, should be disallowed because P.S. Operations was not the nominee and/or alter ego of Medi–Pro. The United States contends that because there has been no waiver of sovereign immunity for bringing such a counterclaim, and the Bankruptcy Court erred when it ruled that it had jurisdiction to pass upon such a claim.

It is well-settled that under the doctrine of sovereign immunity the United States may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, any waiver of the federal government's immunity from suit must be explicit and strictly construed. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). 11 U.S.C. § 106 provides that when a governmental unit, including the United States, has filed a proof of claim, sovereign immunity is waived, although only under limited circumstances. Section 106 does not create any substantive claim for relief not otherwise existing under the Bankruptcy Code. 11 U.S.C. § 106(a)(5). Thus, Section 106 abrogates the United

States' sovereign immunity only to the extent set forth under non-bankruptcy law, and in certain other sections of the Bankruptcy Code, including 11 U.S.C. § 502.

Indeed, the United States does not dispute that the Bankruptcy Court would have had core jurisdiction over a valid objection to its claim by a party in interest to its claim pursuant to 11 U.S.C. §§ 106 and 502. However, the United States contends that, notwithstanding this limited waiver of sovereign immunity, the objection to the United States' proof of claim on the grounds that P.S. Operations was not the nominee and/or alter ego of Medi–Pro was not a valid objection. According to the United States, once a party is served with a tax levy, the only two possible defenses to the levy are (1) that the person or entity served with the levy is not in possession of property belonging to the nominee or taxpayer; or (2) that the property or rights to property are subject to a prior judicial attachment or execution. 26 U.S.C. § 6332(d)(1); *National Bank of Commerce* at 721–22. In this case, Braeview Manor, and the other objecting parties, have not filed an objection on either ground and because the Joint Objection has not raised either of the two permissible defenses to honoring a tax levy, the United States argues that the objecting parties have not raised a valid objection. Instead, by asserting that P.S. Operations is not the nominee or alter ego of Medi–Pro, the objecting parties have attempted to state a cause of action on behalf of P.S. Operations for wrongful levy under 26 U.S.C. § 7426.

The Appellees contend that the Bankruptcy Court had jurisdiction to decide the issue of whether P.S. Operation was the nominee of Medi–Pro pursuant to 11 U.S.C. §§ 106 and 502, even if a wrongful levy action could not be commenced outside of bankruptcy. Indeed, according to

the Appellees, Sections 106 and 502 constitute a "blanket" waiver of sovereign immunity with respect to a proof of claim that the United States has filed within a bankruptcy proceeding. Thus, Appellees argue that they may properly challenge the nominee status of P.S. Operations. As detailed below, the court finds this argument unpersuasive.

■ Any analysis of this question must begin with the understanding that a waiver of sovereign immunity by the United States must be explicit and strictly construed. While Section 106 does constitute a limited waiver of sovereign immunity, Section 106(a)(5) also states that "nothing in this section [106] shall create any substantive claim for relief or cause of action not otherwise existing under this title . . . or non-bankruptcy law." Thus, Section 106 does not in itself create a cause of action, and absent some non-bankruptcy waiver of sovereign immunity, the United States may not be sued merely because it has filed a proof of claim in a bankruptcy proceeding. The objection before the Bankruptcy Court below failed to assert either of the two available defenses under 26 U.S.C § 6332(d)(1); the issue therefore, is whether any non-bankruptcy law provisions pertaining to wrongful levy actions would serve as a permissible basis for an objection to the levies of the United States in this case.

■ The United States argues that Braeview and the other objecting parties lack standing to assert a wrongful levy claim on behalf of P.S. Operations pursuant to Section 7426. The court agrees. 26 U.S.C. § 7426(a)(1) states, in pertinent part, that

> If a levy has been made on property . . . any person who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

Thus, there are three prerequisites for establishing a Section 7426 waiver of sovereign immunity. First, the person asserting the wrongful levy claim must not be the person against whom the tax is assessed. *McGinness v. United States,* 90 F.3d 143, 145 (6th Cir.1996). Second, that person must claim a legally cognizable interest in the property. *Id.* Finally, the property must have been wrongfully levied upon. *Id.*

There is no dispute that Braeview presently owes P.S. Operations $824,164.23 arising from a state court judgment entered on December 1, 1989. In the Joint Objection entered below, Braeview has not challenged the validity of that judgment or otherwise attempted to argue that it may somehow maintain a wrongful levy action against the United States in its own right. Instead, the Joint Objection attempts to assert, on behalf of P.S. Operations, that the levies issued against P.S. Operations are wrongful.

■ The court finds that Braeview does not have standing under Section 7426 to argue that P.S. Operations is not the nominee or alter ego of Medi–Pro. Ordinarily, a party would have to assert its own interest when attempting to bring a wrongful levy action. Arguments contained in the Joint Objection below focused the rights of P.S. Operations as related to the tax obligations of Medi–Pro and not on whether Braeview has met the requirements for standing to assert such a cause of action on its own behalf. The standing question, as required by Article III, asks whether a plaintiff "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the remedial power on his be-

half." *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Therefore, in the absence of an objection filed on either of the two grounds permitted under 26 U.S.C. § 6332, and in the absence of any assertion that Braeview objected on grounds sufficient to entitle it to bring a wrongful levy action on its own behalf, the court is unaware of any non-bankruptcy law provision which would permit Braeview Manor to assert P.S. Operations' right to challenge the determination of its nominee status.[2]

Accordingly, to the extent that the Bankruptcy Court determined that Braeview, the Unsecured Creditors Committee, EHLP and Wolfson had standing to assert that P.S. Operations was not the nominee of Medi–Pro, that order is hereby vacated.

**B.** *Whether Appellees May Raise On Appeal An Objection Not Contained In The Joint Objection Below?*

█ Appellees have also attempted to argue on appeal that the levies were not enforceable as a matter of law because at the time the levies were issued to Braeview (1) it neither possessed, nor was obligated with respect to the property rights "belonging to Medi–Pro, PS, Primus or Larrabee" and (2) that Braeview's obligation to P.S. Operations was not fixed and determinable on the dates that the levies were issued. Although the record presently before the court indicates that these issues were raised in briefs and other submissions to the court below, these issues were not raised in the Joint Objection to the United States' claim that is the subject of this appeal. Moreover, there is no indication in the record before this court that the Bankruptcy Court considered and determined these issues in its April 7, 2000 Order, denying the United States' Motion to Dismiss the Joint Objection. Therefore, the court will not reach these issues on appeal.

## III. CONCLUSION

For reasons stated above, the Bankruptcy Court erred as a matter of law by ruling that there is standing, and thus a waiver of sovereign immunity for a claim by Braeview, the Unsecured Creditors Committee, Warren Wolfson and EHLP to challenge the nominee and/or alter ego status of P.S. Operations. Accordingly, the Order of April 7, 2000, is hereby vacated to that extent. In so doing, this court acknowledges that it is within the province of the Bankruptcy Court to determine its jurisdiction and to determine all other matters before it in the first instance. Therefore, this court is in no way suggesting how that court should proceed in regard to any other issues before it currently or which might be presented to it on remand other than those disposed of by this Order. This case is hereby remanded to the Bankruptcy Court for further proceedings consistent with this order.

IT IS SO ORDERED.

█

---

**2.** Because the court finds that the objecting parties do not have standing to assert a wrongful levy action on behalf of P.S. Operations, it need not reach the argument raised by the United States that a wrongful levy on behalf of P.S. Operations would, in any event, be barred by the applicable statute of limitations. 26 U.S.C. § 6532(c)(1)(proceeding under Section 7426 shall be brought within 9 months of the date of the levy giving rise to such action).