Allan R. LAURAIN, DDS, Plaintiff,

v.

UNITED STATES, Defendant.

No. 3:06–0178.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 15, 2008.

Joseph P. Rusnak, Tune, Entrekin & White, Nashville, TN, for Plaintiff.

Anne E. Blaess, Joshua D. Smeltzer, Department of Justice, Washington, DC, for Defendant.

**ORDER**

WILLIAM J. HAYNES, JR., District Judge.

Plaintiff, Alan R, Laurain, DDS, filed this action under 26 U.S.C. § 7426 to recover funds from three bank accounts upon which the United States executed a levy. Plaintiff moves for partial summary judgment (Docket Entry No. 12) on the ownership of one of the three bank accounts.

In opposition, the United States asserts that Plaintiff cannot prevail under 26 U.S.C. § 7426 and that material facts preclude an award of partial summary judgment. For this motion, the United States concedes that Plaintiff is not a person liable for the tax giving rise to the levy and that Plaintiff has a legally cognizable interest in the property. Yet, the United States asserts Plaintiff has not carried his burden that the levy was wrongful.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. *Duchon v. Cajon Co.,* 791 F.2d 43, 46 (6th Cir.1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■■■ To prevail under Section 7426, Plaintiff must establish: (1) that he is not a person against whom the tax was assessed; (2) that he has a legally cognizable interest in the property; and (3) the levy on the property was wrongful. *McGinness v. United States,* 90 F.3d 143, 145 (6th Cir.1996); *DePriest v. United States,* No. 95–0209, 1997 WL 459928 at *9 (M.D.Tenn. Apr. 9, 1997) (Higgins, D.J.). Plaintiff bears the burden of showing that the levy filed against this bank account was wrongful. *DePriest,* 1997 WL 459928 at *10. If he can do so, the burden then shifts to the United States to show that the property belonged to Mrs. Laurain who owed the tax at issue. *Id.* at **10, 12. *See also Lankford v. United States,* No. 90–0210, 1991 WL 185224 at *5 (M.D.Tenn. June 28, 1991) (Higgins, D.J.).

To prove a levy was wrong, a plaintiff must show: (1) the property is exempt under 26 U.S.C. § 6334; (2) that the delinquent taxpayer lacked any interest in the property; (3) the levy is invalid under 26 U.S.C. § 6323 or 6324; or (4) that Plaintiff's interest in the property is superior to any federal tax lien. 26 C.F.R. § 301.7426–1. *See also McGinness,* 90 F.3d at 147. 26 U.S.C. § 6324 applies to special liens for estate and gift taxes and is the holder of a senior lien on the taxpayer's property as issue in this case. Thus, the levy here was not wrongful under § 6323 or 6324.

■■■ Plaintiff contends that he is the primary and sole account holder on the money manager account at issue. (Docket Entry No. 13–1, Laurain Affidavit at ¶ 6). Plaintiff and his wife's interests in the bank account is determined by state law. *Morgan v. Comm'r,* 309 U.S. 78, 82, 60 S.Ct. 424, 84 L.Ed. 585 (1940) ("[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ... sought to be reached by the statute.")

Plaintiff admits that Mrs. Laurain signed the account card and as a result, Mrs. Laurain is able to withdraw funds from the account. *Id.* at ¶ 7. Here, the money manager account records of Bank of America reflect Mrs. Laurain's signature as a "Joint" holder. (Docket Entry No. 131, Exhibit A at Plaintiff's Motion for Partial Summary Judgement). The Bank of America Investment Services, Inc., informed the Plaintiff that "each joint owner has full and independent authority to exercise control over and conduct transactions on the Money Manager Account as fully as if he or she were a sole owner, without the consent of a notice or any other joint owner." *Id.* at Exhibit C. In addition, Bank of America sent a letter to Plaintiff referring

to this as a "joint account" and pursuant to the levy, "three bank accounts that included the one of which was the money manager account had been debited." *Id.* at Exhibit B. In sum, these records reflect that Bank of America considered Plaintiff and Mrs. Laurain as joint account holders.

Tenn.Code. Ann. § 45–2–703 specifically provides that money in joint bank accounts may be paid to either party on the account. Under Tennessee law, this right to withdraw funds is considered a property interest.

> The concept of the right of property is multi-faceted. It has been described as a bundle of rights or legally protected interests. These rights or interests include: (1) the right of possession, enjoyment, and use; (2) the unrestricted right of alienation; and (3) the power of testimonial disposition. In its broadest sense, property includes all rights that have value.... Tennessee's common law thus embodies an expansive view of property.

*State ex rel. Elvis Presley Int'l Mem'l Found. v. Crowell*, 733 S.W.2d 89, 96–97 (Tenn.Ct.App.1987) (internal citations omitted).

■ As a joint account holder, Mrs. Laurain could withdraw the entire amount of the funds at any time, without the necessity of Plaintiff's approval. Mrs. Laurain possessed the independent right to use the money in this account and her right to do so was unrestricted in writing a check or withdrawing the funds from the account. Under Tennessee law, these facts grant that Mrs. Laurain had absolute ownership of the money in this account. "[T]he absolute ownership of property is the unrestricted power to dispose of it at one's discretion." *Weiss v. Broadway Nat'l Bank*, 204 Tenn. 563, 322 S.W.2d 427, 431 (1959).

■ The bank records reflect that Mrs. Laurain held this account with her husband as tenants by the entirety. "It is well-settled in this state that personal property as well as realty may be owned by spouses by the entirety. It has also been expressly held that a tenancy by the entirety with the right of survivorship may exist in .... bank accounts." *Grahl v. Davis*, 971 S.W.2d 373, 378 (Tenn.1998). "Under Tennessee law, such accounts between spouses are all but presumed to be tenancy by entirety accounts." *Mays v. Brighton Bank*, 832 S.W.2d 347, 350 (Tenn.Ct.App.1992). "[W]ithout regard to the source of the funds," *id.*, a bank account that is a tenancy by the entirety means that "any and all funds deposited in it are owned by each party completely, as if each party were the sole account holder." *Id.*

The Court concludes that the proof reflects Mrs. Laurain possessed the right to all of the funds in the money manager account and that this account could be considered her property. Thus, the Court concludes that Plaintiff has not shown that he is entitled to recover under 26 U.S.C. § 7426, and Plaintiff's motion for partial summary judgment is **DENIED**.

**It is so ORDERED.**